**Tommie JUNIOUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–01247–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 7, 2003.

Cary Marshall Faden, Sugar Land, for appellant.

John Harrity, III, Richmond, for appellee.

Panel consists of Justices YATES, HUDSON, and FOWLER.

## OPINION ON REMAND

J. HARVEY HUDSON, Justice.

Appellant, Tommie Junious, appeals from a judgment adjudicating guilt on the offense of aggravated assault with a deadly weapon. On original submission, this Court dismissed appellant's appeal for want of jurisdiction due to a defective notice of appeal. *Junious v. State*, No. 14–99–01247–CR, 2001 WL 422078, at *1 (Tex. App.-Houston [14th Dist.] Apr. 26, 2001, pet. granted) (per curiam). Accordingly, we did not reach the merits of appellant's points of error. On discretionary review, the Court of Criminal Appeals held the defect in appellant's notice of appeal was cured by an amended notice of appeal. Thus, the Court of Criminal Appeals vacated our initial opinion and remanded the case for reconsideration in light of *Bayless v. State*, 91 S.W.3d 801 (Tex.Crim.App. 2002). *Junious v. State*, No. 1347–01, 2003 WL 1731137, at *1 (Tex.Crim.App. Jan. 29, 2003).

The record reflects that appellant was indicted for aggravated assault with a deadly weapon. The indictment also contained two enhancement paragraphs alleging prior convictions for delivery of marihuana and forgery. As enhanced, the potential penalty for this offense was "life, or for any term of not more than 99 years or less than 25 years." TEX. PEN. CODE ANN. § 12.42(d) (Vernon Supp.2003). Although the State did not formally abandon the enhancement paragraphs, it effectually did so when, on August 6, 1998, it entered into a plea bargain agreement with appellant wherein appellant was permitted to enter a plea solely to the primary offense, *i.e.*, aggravated assault with

a deadly weapon.[1] The penalty prescribed by the legislature for this offense, without enhancements, was "imprisonment in the institutional division for any term of not more than 20 years or less than 2 years," and a possible fine not to exceed $10,000. *See* TEX. PEN.CODE ANN. § 12.33 (Vernon 1994); TEX. PEN.CODE ANN. § 22.02(b) (Vernon 1994). In the trial court's written admonishments given to appellant prior to his plea, appellant was correctly advised as follows:

> You are charged with the offense of AGGRAVATED ASSAULT.
>
> The range of punishment for that offense is imprisonment in the institutional division for any term of not more than 20 years or less than 2 years; In addition to imprisonment, an individual adjudged guilty of a felony of the second degree my [sic] be punished by a fine not to exceed $10,000.

Pursuant to the plea bargain agreement, the trial court deferred a finding of guilt and placed appellant under the terms and conditions of probation for a term of two years. At the same time, appellant executed a separate document in which he waived his right to appeal.

Eleven months later, on July 9, 1999, the State filed a motion to adjudicate appellant's guilt alleging various violations of his conditions of probation. Appellant entered a plea of "not true." After considering the evidence presented at the adjudication hearing, however, the trial court found the allegations to be true. The trial court also heard evidence on the enhancement allegations (which, as we have already stated, appear to have been abandoned) and found such allegations to be true. On October 7, 1999, the trial court then assessed appellant's punishment at confinement in the state penitentiary for a term of twenty-five years.

Appellant then filed a motion for new trial alleging that he was improperly admonished as to the range of punishment in the original plea proceeding since he was not advised with regard to the possibility of enhanced punishment. The trial court granted appellant's motion for new trial "as to punishment only." Thereafter, appellant entered into a new plea bargain agreement in which he entered a plea of

---

1. Where the State intends, as part of a plea bargain agreement, to preserve its right to seek enhanced punishment should a defendant's guilt later be adjudicated, it routinely demands as part of the initial plea agreement that the defendant also enter a plea of true to the enhancement paragraphs. *See, for example, Hardeman v. State*, 1 S.W.3d 689, 690 (Tex.Crim.App.1999); *Ray v. State*, 919 S.W.2d 125, 126 (Tex.Crim.App.1996); *Duckworth v. State*, 89 S.W.3d 747, 749 (Tex.App.-Dallas 2002, no pet.); *Cutrer v. State*, 995 S.W.2d 703, 704 (Tex.App.-Texarkana 1999, pet. ref'd); *Fisher v. State*, 921 S.W.2d 814, 815 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd); *Roberson v. State*, 879 S.W.2d 250, 251–52 (Tex.App.-Dallas 1994, no pet.).

Here, the record of the plea hearing reflects appellant stipulated and confessed that "in Fort Bend County, Texas, I (the same individual indicted in this cause) on June 7, 1997, committed the acts alleged in the indictment in the cause, and that the evidence and testimony would prove beyond a reasonable doubt that the acts and allegations in the indictment in this cause are true and correct." Thus, the stipulation and confession appear to be limited to the events of June 7, 1997, *i.e.*, the primary paragraph of the indictment. Nowhere does appellant stipulate or confess that the allegations contained in the enhancement paragraphs are true.

Moreover, the trial court's judgment reflects appellant entered a plea of nolo contendere to the second degree felony of aggravated assault and a plea of true regarding the use of a deadly weapon. The trial court then stated in its judgment that the *"defendant has never been convicted of a felony in this or any other state."* (emphasis added). Thus, the record suggests the State waived and abandoned its enhancement allegations as part of its plea bargain agreement.

"true" to the motion to adjudicate in exchange for a recommendation of ten years in the penitentiary. On October 22, 1999, in compliance with the plea agreement, the trial court assessed appellant's punishment at confinement in the penitentiary for a term of ten years, and appellant executed a written waiver of appeal in a separate document.

On appeal, appellant contends the trial court lacked jurisdiction to grant a new trial on punishment. Without jurisdiction, the trial court's judgment adjudicating guilt and assessing punishment at ten years confinement is void. Appellant further argues by granting the motion for new trial, regardless of language limiting the new trial to punishment, the trial court restored the case to its original position before the entry of his plea. Appellant urges this Court to remand the cause to the trial court for the entry of a new plea and a new trial. In the alternative, appellant prays this Court remand the cause to the trial court for a ruling on the motion for new trial.[2]

When a court lacks authority to act in a particular manner, such action may result in the court's judgment being either void or voidable depending on whether the court's action is "illegal" or merely "irregular." *Ex parte Seidel*, 39 S.W.3d 221, 224 (Tex.Crim.App.2001). "'Illegal acts' are defined as 'acts that are not authorized by law.'" *Id.* (quoting BLACK'S LAW DICTIONARY 598 (7th ed.2000)). "On the other hand, 'irregular acts' are defined as 'acts or practices that vary from the normal conduct of an action.'" *Id.* (quoting BLACK'S LAW DICTIONARY 699 (7th ed.2000)). While a judgment is merely "voidable for irregularity," it is "void for illegality." *Id.* Here, the trial court was not authorized by law to grant a new trial as to punishment.[3] Accordingly, such act was void and, therefore, a nullity. *See Nix v. State*, 65 S.W.3d 664, 668 (Tex.Crim.App.2001) (holding that a void judgment is a nullity).

When a trial court purports to grant a new trial as to punishment only and thereafter assesses a new punishment, what is the effect of its action? On this issue the courts of appeals are badly divided. The Fourth Court of Appeals was the first to deal with this issue. The court nullified the order of the trial court granting a new trial and remanded the case to the trial court to rule on the pending motion for new trial. *Renteria v. State*, No. 04–95–00257–CR, 1996 WL 195404, at *2 (Tex.App.-San Antonio Apr. 24, 1996, no pet.) (not designated for publication). Conversely, the Fifth Court of Appeals remanded two cases back to the trial courts for new trials. *Hutchinson v. State*, No. 05–99–00021–CR, 1999 WL 1095799, at *2 (Tex.App.-Dallas Dec. 6, 1999, no pet.) (not designated for publica-

---

2. The State concedes the trial court had no authority to grant a new trial as to punishment. However, the State contends we need not reach the issue because appellant has waived his right to appeal. Whether a defendant can validly waive an appeal from a void act is an unsettled issue. However, in light of our disposition of this appeal, we need not address the State's contention.

3. The Court of Criminal Appeals announced in *State v. Hight*, 907 S.W.2d 845 (Tex.Crim. App.1995) (en banc) that a trial court is not permitted to grant a motion for new trial as to punishment only. Under the Rules of Appellate Procedure, the granting of a motion for new trial by a trial court "restores the case to its position before the former trial." TEX. R.APP. P. 21.9. "Granting a new trial as to punishment only would not restore the case to a position before the trial." *Hight*, 907 S.W.2d at 846. Accordingly, only appellate courts are permitted to grant new trials as to punishment only. *Id.* at 847; *see also* TEX. CODE CRIM. PROC. ANN. Art. 44.29 (Vernon Supp. 2003).

tion); *Hanlan v. State*, No. 05–98–00761–CR, 1999 WL 437017, at *1 (Tex.App.-Dallas June 30, 1999, no pet.) (not designated for publication). The court explained that the motion for new trial was granted, but the trial court "improperly limited the scope of the new trial granted." *Hanlan*, 1999 WL 437017, at *1. Finally, the First Court of Appeals held that because the order granting a new trial as to punishment was null and void, the original judgment assessing the original sentence remained in effect and would be reinstated. *Avila v. State*, No. 01–98–00886–CR, 2000 WL 232945, at *1 (Tex.App.-Houston [1st Dist.] Mar. 2, 2000, no pet.) (not designated for publication).

Unfortunately, we are not persuaded by any of the aforementioned decisions. We find the trial court's putative granting of a new trial "as to punishment only" was a nullity. *See Hight*, 907 S.W.2d at 847. However, the trial court's plenary jurisdiction had not expired when it reformed appellant's punishment to ten years' confinement. Because a trial court has inherent power to vacate, modify or amend its own rulings within the time of its plenary jurisdiction, we hold the trial court was authorized to alter appellant's sentence. *See Ware v. State*, 62 S.W.3d 344, 355 (Tex.App.-Fort Worth 2001, pet. ref'd) (holding that where trial court improperly sentenced defendant to seventy-five years when the maximum sentence provided by law was twenty years, the trial court did not err in changing the sentence to twenty years so long as the appellate record had not yet been filed in the appellate court); *McClinton v. State*, 38 S.W.3d 747, 751 (Tex.App.-Houston [14th Dist.] 2001, pet. granted) (holding trial court was authorized to alter its original sentence of twelve years and change it to ten years); *Verdin v. State*, 13 S.W.3d 121, 123 (Tex.App.-Tyler 2000, no pet.) (holding trial court was authorized to withdraw its order de-

claring defendant's guilty plea null and void). Appellant's first and second issues are overruled.

The judgment of the trial court is affirmed.