Judgment Nunc Pro Tunc Vacated, Original
Judgment Affirmed, and Majority and Dissenting Opinions filed December 7,
2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00332-CR



Christopher
Dante Loud, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 66th District Court

Hill County, Texas

Trial Court
Cause No. 34,448



 

DISSENTING OPINION 

This court should affirm the trial court’s March 13,
2009 judgment either because the trial court properly exercised its inherent
power to correct or modify its prior judgment or because the trial court
properly corrected clerical errors in the prior judgment.

Background

On February 13, 2009, the trial court signed a
judgment adjudicating guilt and reflecting a conviction for aggravated assault
under Texas Penal Code section 22.02(a)(1) (hereinafter, “Bodily Injury
Aggravated Assault”).  The notation “N/A” was entered in the space for any
deadly weapon finding.  Appellant timely filed a motion for new trial and a
motion in arrest of judgment.  One week later, the State filed a motion for
nunc pro tunc judgment.  The trial court conducted a hearing on the State’s
motion on March 9, 2009.  During the hearing, counsel for the State indicated
that the trial court had only thirty days after the date on which judgment was
rendered to correct its judgment.  At the conclusion of the hearing, the trial
court requested additional briefing and took the matter under advisement.

The trial court granted the State’s motion on March
13, 2009, within thirty days of sentencing and rendition of the original
judgment.  On the same day, the trial court also edited its previous order of
deferred adjudication to reflect the offense as “Aggravated Assault w/Deadly
Weapon,” the offense statute as “22.02(a)(2) Penal Code,” and the findings on
deadly weapon as “Yes, Not a Firearm.”  The trial court further edited the
caption of the indictment, the order imposing conditions of community
supervision, and the criminal docket sheet to reflect the offense of
“Aggravated Assault w/Deadly Weapon.”  Finally, the trial court rendered a “Nunc
Pro Tunc Judgment Adjudicating Guilt” reflecting a conviction for aggravated assault
under Texas Penal Code section 22.02(a)(2) (hereinafter, “Deadly Weapon
Aggravated Assault”) and including a finding of “Yes, Not a Firearm” in the
space for any deadly weapon finding. 

In a single issue, appellant contends the trial court
erred and abused its discretion by adjudicating him guilty of Deadly Weapon
Aggravated Assault and entering an affirmative deadly weapon finding in its
March 13, 2009 judgment.  The majority appropriately confines its analysis and
disposition to the issue of whether the trial court properly changed the
judgment to enter a deadly weapon finding and to reflect a conviction for
Deadly Weapon Aggravated Assault.

Trial Court’s Plenary Power to Modify its Judgment

In the body of the indictment it is clearly alleged
that appellant committed Deadly Weapon Aggravated Assault and that he used a
deadly weapon during the commission of the offense.  Appellant pleaded “no
contest” to this indictment.  Appellant stipulated that the State could prove
these allegations beyond a reasonable doubt and that these allegations are
true.  

During the February 11, 2009 hearing, the trial court
found that appellant violated his probation and twice pronounced that it found
appellant “guilty of the offense alleged in the indictment,” which was Deadly
Weapon Aggravated Assault, not Bodily Injury Aggravated Assault.  The trial
court did not state that it found appellant guilty of Bodily Injury Aggravated
Assault.  The trial court assessed punishment at fifteen years’ confinement and
a $10,000 fine.  There is no issue before this court regarding the
voluntariness of appellant’s plea.[1] 
Appellant is not challenging the manner in which he was admonished.   The focus
of this appeal is the propriety of the trial court’s action in changing its
judgment to reflect a conviction for Deadly Weapon Aggravated Assault rather
than Bodily Injury Aggravated Assault and entry of a deadly weapon finding
rather than no such entry. The first change bears on the offense for which
appellant was convicted, not the punishment assessed for this offense.  The
second change bears on whether the trial court entered a deadly weapon finding,
which is an administrative matter that is not part of the guilt/innocence
determination or part of the sentence.  See Ex parte Huskins,  176
S.W.3d 818, 820–21 (Tex. Crim. App. 2005) (holding that a deadly weapon finding
is not part of the sentence or punishment and that, even though it may affect
how the sentence is served, a trial court is not required to orally announce a
deadly weapon finding at sentencing).  

The Texas Court of Criminal Appeals has indicated
that (1) “a court has inherent power to correct, modify, vacate, or amend its
own rulings” and (2) “a trial court has plenary jurisdiction over a case for at
least the first thirty days after sentencing.”   State v. Aguilera, 165
S.W.3d 695, 698 n.7 (Tex. Crim. App. 2005) (quoting Awadelkariem v. State,
974 S.W.2d 721, 728–29 (Tex. Crim. App. 1998) (Meyers, J., concurring) and McClinton
v. State, 121 S.W.3d 768, 769, n.1 (Tex. Crim. App. 2003) (Cochran, J.,
concurring)).  In Junious v. State, the trial court initially sentenced
appellant to twenty-five years’ confinement and then later, within thirty days
of sentencing, purported to grant appellant’s motion for new trial “as to
punishment only” and to sentence appellant to ten years’ confinement.  See
120 S.W.3d 413, 415–16 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  On
appeal in Junious, this court held that the trial court’s purported
granting of a new trial as to punishment only was void and therefore a
nullity.  See id.  Unable to uphold the trial court’s action based on the
Junious appellant’s motion for new trial, this court held that the trial
court modified the Junious appellant’s punishment while it still had
plenary jurisdiction and that the trial court was authorized to do so based on
its inherent power to vacate, modify, or amend its own rulings within the time
of its plenary jurisdiction.  See id. at 416–17.  The Texas Court of
Criminal Appeals later cited Junious with approval and indicated that Junious
was correctly decided.  See Aguilera, 165 S.W.3d at 698 n.7.  

In Ware v. State, the defendant was convicted
of two offenses, the second of which had a maximum sentence of twenty years’
confinement.  See 62 S.W.3d 344, 353 (Tex. App.—Fort Worth 2001, pet.
ref’d).  In its oral pronouncement of sentence, the trial court stated that defendant
was sentenced to seventy-five years’ confinement, without specifying the
offense or offenses to which this punishment pertained.  See id.  After the
defendant appealed and moved for a new trial, pointing out the maximum
punishment for the second offense, the trial court held a hearing within thirty
days of sentencing.  See id.  At this hearing, the trial court stated
that it was granting a judgment nunc pro tunc, in which it was sentencing the
defendant to seventy-five years’ confinement for the first offense and ten
years’ confinement for the second offense, with the sentences to run
concurrently.  See id.  The next day, the trial court signed a nunc pro
tunc judgment consistent with its statements the day before.    See id. 


On appeal, the Second Court of Appeals held that the
pendency of the Ware appellant’s appeal did not prevent the trial court
from modifying its judgment because the appellate record had not yet been filed
in the Second Court of Appeals when the trial court modified its judgment.  See
id. at 353–54.  The Ware court then concluded that the trial court’s
modification could not be characterized as granting a motion for new trial or a
motion in arrest of judgment.  See id.  The Ware court also
decided that the trial court’s modification could not be upheld as a judgment
nunc pro tunc.  See id. at 354–55.  Instead, the Ware court held
that, because the trial court acted during its plenary jurisdiction over the
case, the trial court had the inherent power to correct, vacate, modify, or amend
its judgment and that it was proper for the trial court to correct its judgment
in the way that it did.  See id.  Both the Texas Court of Criminal
Appeals and this court have cited Ware with approval and indicated that Ware
was correctly decided.  See Aguilera, 165 S.W.3d at 698 n.7; Junious,
120 S.W.3d 417.  

In the case under review, the trial court signed its March
13, 2009 judgment within thirty days of sentencing, while it still had plenary
jurisdiction over the case.  See Aguilera, 165 S.W.3d at 697–99; Junious,
120 S.W.3d 417.  When the trial court modified its judgment, appellant’s motion
for new trial and motion in arrest of judgment were still pending before the
trial court.[2] 
See Ware, 62 S.W.3d at 355, n.5.  Though appellant already had filed his
appeal when the trial court signed its modified judgment, the appellate record
had not yet been filed.  See id. at 353–54.  On February 11, 2009, the
trial court found appellant guilty of Deadly Weapon Aggravated Assault, as
charged in the indictment, which constitutes an affirmative deadly weapon
finding. The trial court modified the original judgment to accurately reflect
that the trial court had found appellant guilty of Deadly Weapon Aggravated
Assault and to enter a deadly weapon finding in the judgment.  Presuming for
the sake of argument that the trial court’s March 13, 2009 judgment was not
proper as a nunc pro tunc judgment, this judgment was still a proper exercise
of the trial court’s inherent power to correct or modify its judgment while the
trial court had plenary jurisdiction over the case.[3]  See Aguilera,
165 S.W.3d at 697–99; Junious, 120 S.W.3d 417; Ware, 62 S.W.3d at
353–55.  

Propriety of Nunc Pro Tunc Judgment

A judgment nunc pro tunc is appropriate to correct
clerical errors when the court’s records do not reflect the judgment actually
rendered.  See Ex parte Poe, 751 S.W.2d 873, 876 (Tex. Crim. App.
1988).  A nunc pro tunc order is not appropriate to correct judicial errors.  See
id.  Therefore, to determine if the March 11, 2009 judgment is proper as a
judgment nunc pro tunc, this court must determine whether the actual judgment
rendered was a conviction for Deadly Weapon Aggravated Assault with entry of a
deadly weapon finding.

The indictment put appellant on notice that he was
charged with the offense of Deadly Weapon Aggravated Assault and that he was
alleged to have used a deadly weapon during the commission of the offense. 
During the February 11, 2009 hearing, the trial court found appellant “guilty
of the offense alleged in the indictment,” which was Deadly Weapon Aggravated
Assault, not Bodily Injury Aggravated Assault.  The trial court did not find
appellant guilty of any offense other than Deadly Weapon Aggravated Assault. 
Therefore, the record reflects that, though the trial court found appellant
guilty of Deadly Weapon Aggravated Assault, the original judgment contained a
clerical error reflecting a conviction for Bodily Injury Aggravated Assault.  

For the deadly weapon finding, there are two
procedural steps: (1) the affirmative finding by the trier of fact that a deadly weapon was used or exhibited during the commission
of a felony offense or during the immediate flight therefrom,
and that the defendant used or exhibited the deadly weapon or was a party to
the offense and knew that a deadly weapon would be used or exhibited, and (2)
entry by the trial court of that finding in the trial court’s judgment.  See
Tex. Code Crim. Proc. Ann.
art 42.12 § 3g (a)(2) (West Supp. 2010).   Regarding the first step, because
the trial court granted deferred adjudication, there was no reason for the
trial court to make a deadly weapon finding until February 11, 2009, when the
trial court adjudicated appellant’s guilt and pronounced the sentence. 
Appellant contends the trial judge first made the deadly weapon finding when he
rendered the judgment nunc pro tunc.  This is not correct.  The use of a deadly
weapon was alleged in the indictment as an element of the offense and, as fact finder,
the trial court found appellant guilty as charged in the indictment. 
Consequently, the trial court made an affirmative deadly weapon finding during
the February 11, 2009 hearing.[4] 
See Lafleur v. State, 106 S.W.3d 91, 95 & n. 23 (Tex. Crim. App.
2003) (stating that the trier of fact’s finding that defendant is guilty as
alleged in the indictment constitutes a deadly weapon finding if the indictment
itself alleges that the defendant used a deadly weapon during the commission of
the offense); Ex parte Empey, 757 S.W.2d 771, 774 (Tex. Crim. App.
1988).   Regarding the second step in which the trial court enters the deadly
weapon finding, the Texas Legislature has stated that, upon an affirmative deadly
weapon finding, “the trial court shall enter the finding in the judgment of the
court.” Tex. Code Crim. Proc. Ann.
art 42.12 § 3g (a)(2).  The Texas Court of Criminal Appeals has stated that the
Texas Legislature wrote this statute so that a deadly weapon finding would be
entered in the judgment when the trier of fact found that a deadly weapon was
used in the commission of an offense, and thus the Department of Corrections
would know how to compute the defendant’s time for parole purposes.  See
Lafleur, 106 S.W.3d at 94.  Consistent with the mandatory language used in
this statute, when a jury finds a defendant guilty of a felony offense and use
of a deadly weapon is alleged as an element of the offense, the trial court has
a ministerial duty to enter a deadly weapon finding in the judgment.  See Ex
parte Poe, 751 S.W.2d at 876.  A failure by the trial court to comply with
this mandatory duty is a clerical error that can be corrected by a judgment
nunc pro tunc.  See id. at 875–77.  

Even though the statute in question makes no
distinction between bench trials and jury trials, the Texas Court of Criminal
Appeals has held that, if the trial court is the fact finder, then the statute
is construed differently.  See Tex.
Code Crim. Proc. Ann. art 42.12 § 3g (a)(2); Hooks v. State, 860
S.W.2d 110, 112–14 (Tex. Crim. App. 1993).  If it is alleged in the indictment
that the defendant used or exhibited a deadly weapon
during the commission of a felony offense and if the trial court finds the defendant
guilty as charged in the indictment, even though the trial court has made a
deadly weapon finding, according to the Hooks court, the trial court has
discretion to not enter a deadly weapon finding in its judgment.  See
Hooks, 860 S.W.2d at 112–14.  The Hooks case has not been overruled
and is binding on this court.  Therefore, the trial court’s judgment nunc pro
tunc was proper as to the deadly weapon finding only if the trial court
intended to enter a deadly weapon finding when it signed the February 13, 2009 judgment,
which contained “N/A” in the space for “Findings on Deadly Weapon.”

Nothing in the record reflects that the trial court
exercised its discretion to not enter the deadly weapon finding in its February
13, 2009 judgment.  The trial judge knew whether he intended to enter a deadly
weapon finding in this judgment.  Because the trial court rendered a judgment
nunc pro tunc, the trial judge impliedly found that he intended to enter a
deadly weapon finding in this judgment but that, through a clerical error, no
such entry was made.  Furthermore, the trial court was not required to orally
pronounce a deadly weapon finding at sentencing.  See Ex parte
Huskins, 176 S.W.3d 818, 821 (Tex. Crim. App. 2005).  

On this record, this court should conclude that no
error has been shown in the trial court’s rendition of a judgment nunc pro tunc
reflecting a conviction for Deadly Weapon Aggravated Assault and entry of a
deadly weapon finding.

Conclusion

This court should affirm the trial court’s March 13,
2009 judgment because (1) this judgment was a proper exercise of the trial
court’s inherent power to correct or modify its judgment while the trial court
still had plenary jurisdiction over the case, or (2) this judgment was a proper
judgment nunc pro tunc, correcting clerical errors that resulted in the
February 13, 2009 judgment not reflecting the judgment that actually had been
rendered.  Because the court does not do so, I respectfully dissent.  

 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

Panel consists of Justices Anderson,
Frost, and Seymore. (Seymore, J., majority).

Publish — Tex. R. App. P. 47.2(b)









[1] Though
appellant argues in passing in his brief that the original “guilty” plea was
involuntary, the majority correctly declines to consider this argument because
appellant did not voice this complaint in the trial court.  See Wright v.
State, 295 S.W.3d 685, 691–92 (Tex. App.—Eastland 2009), aff’d, 312
S.W.3d 34 (Tex. Crim. App. App. 2010); Salinas v. State, 282 S.W.3d 923,
924 (Tex. App.— Fort Worth 2009, pet. ref’d).  





[2] The
majority suggests that in its motion the State sought only correction of clerical
errors and that therefore the trial court had no inherent power to modify its
prior judgment.  First, the State’s motion can be construed as a request that
the trial court modify its judgment to reflect a conviction for Deadly Weapon
Aggravated Assault and entry of a deadly weapon.  See Ware, 62 S.W.3d at
353–55 (affirming trial court’s judgment nunc pro tunc based on trial court’s
inherent power to modify judgment during trial court’s plenary jurisdiction). 
Second, the cases do not support the proposition that the State was required to
ask for correction of judicial errors in a motion for the trial court in the
case under review to have inherent power to modify its judgment.  See Aguilera,
165 S.W.3d at 697–99; Junious, 120 S.W.3d 417.





[3]  Whatever
issues there may be regarding a trial court’s exercise of its inherent power to
re-sentence a defendant after he has started serving his sentence, those issues
are not presented in this appeal because the trial court did not change
appellant’s sentence.  See Ex parte Huskins,  176 S.W.3d at 820–21
(holding that a deadly weapon finding is not part of the sentence).





[4]  Appellant relies upon Fanniel v. State, and
argues that the trial court in the case under review was precluded from
entering a deadly weapon finding in a judgment nunc pro tunc because the trial
court did not originally make a deadly weapon finding when the defendant’s
guilt was adjudicated.  See 73 S.W.3d 557 (Tex. App.—Houston [1st Dist.]
2002, no pet.).  In Fanniel, the record reflected that the trial court
found defendant guilty only of possession of a controlled substance, was
unaware of the enhancement paragraph alleging the use of a deadly weapon, and
did not intend to make a deadly weapon finding when it found the defendant
guilty of possession of a controlled substance.  See id. at 558–59. 
Therefore, the Fanniel case is not on point.