

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00170-CR

_____

**MICHAEL C. BLAIR,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. FR-09-19662**

_____

## MEMORANDUM OPINION

_____

Appellant, Michael C. Blair, was charged by indictment with aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b) (West 2011). Also contained in the indictment were allegations that Blair exhibited and used a deadly weapon in the commission of the robbery. Blair pleaded guilty to the offense without the benefit of a plea agreement. The trial court accepted Blair's guilty plea and, after making a deadly-weapon finding, sentenced him to fifty years' incarceration in the Texas Department of Criminal Justice—Institutional Division. In one issue, Blair

contends that his trial counsel provided ineffective assistance by failing to present evidence at sentencing of his psychological and emotional health. We affirm.

## I.  BACKGROUND

The indictment alleged that, on or about September 27, 2008, Blair attacked Richard Earl Myers. Prior to the attack, Myers had learned that Blair was a homeless military veteran and offered to let Blair stay at his house until Blair could make arrangements to find another place to live. While staying with Myers, Blair, who at the time did not have access to a vehicle, asked to be taken to Killeen, Texas, but Myers refused. Blair then asked to borrow the pick-up truck that a friend had entrusted Myers with so that he could drive to Killeen; Myers once again refused Blair's request. Later that night, Blair attacked Myers with a knife while Myers was sleeping. Blair stabbed Myers more than six times in the back, chest, and throat. Blair then took the keys to the pick-up truck and left.

Blair pleaded guilty to the charged offense; the plea was accepted by the trial court; and the case proceeded to punishment. The trial court ordered a pre-sentence investigation report, which documented Blair's "extensive substance abuse and emotional issues" and his extensive criminal history, including "a disorderly conduct charge, two driving while intoxicated charges, and a possession of a controlled substance charge."[1] At the punishment hearing, Blair testified that he has serious drug

---

[1] Blair admitted during the punishment phase that he had been recently convicted in Denton County, Texas, for robbery and that he had received an eight-year sentence in that case. The sentence imposed in this case was ordered to run concurrently with the sentence imposed in the Denton County case.

and psychological problems.  He noted that he decided to rob Myers because "[Myers] was just an object of a whole bunch of emotions that came flooding out."  As noted by Blair on appeal, trial counsel did not call any experts to opine on the effect of Blair's emotional and psychological issues.

The trial court subsequently sentenced Blair to fifty years' incarceration and certified his right to appeal.  Blair filed a motion for new trial, arguing "that additional information which could be provided to the Judge in determining [Blair's] sentence would lead to a substantially different outcome in this matter."  However, Blair did not clarify what "additional information" he had that would alter the trial court's sentencing decision.  Blair's motion for new trial was overruled by operation of law.  *See* TEX. R. APP. P. 21.8(c).  This appeal ensued.

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL[2]

In his sole issue on appeal, Blair argues that his trial counsel provided ineffective assistance because he failed to make a reasonable investigation into Blair's mental and psychological health and failed to present those issues to the trial court.  In particular, Blair asserts that his trial counsel should have presented expert testimony to explain to the trial court the extent of Blair's mental and psychological issues.

## A.  Applicable Law

The United States Constitution, the Texas Constitution, and article 1.051 of the code of criminal procedure guarantee an accused the right to reasonably effective assistance of counsel.  *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE

---

[2] The State has not filed an appellee's brief in this matter.

CRIM. PROC. ANN. art. 1.051 (West Supp. 2010); *see also Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To prove ineffective assistance of counsel, Blair must show that: (1) trial counsel's representation fell below an objective standard of reasonableness, based on the prevailing professional norms; and (2) there is a reasonable probability that, but for trial counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687-95, 104 S. Ct. at 2064-69; *Dewberry v. State*, 4 S.W.3d 735, 737 (Tex. Crim. App. 1999). Whether this test has been met is to be judged on appeal by the totality of the representation, not by isolated acts or omissions. *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995). Blair has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if Blair overcomes the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). Moreover, the acts and omissions that form the basis of Blair's claims of ineffective assistance must be supported by the record. *Thompson*, 9 S.W.3d at 814. When determining whether trial counsel conducted an adequate investigation for potential mitigating evidence, "we

focus on whether the investigation supporting [trial] counsel's decision not to introduce mitigating evidence of [the defendant's] background was itself reasonable." *Wiggins v. Smith*, 539 U.S. 510, 523, 123 S. Ct. 2527, 2536, 156 L. Ed. 2d 471 (2003). Trial counsel is not required "to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing." *Freeman v. State*, 167 S.W.3d 114, 117 (Tex. App.—Waco 2005, no pet.).

A silent record that provides no explanation for counsel's actions usually will not overcome the strong presumption of reasonable assistance. *Thompson*, 9 S.W.3d at 813-14. To warrant reversal without affording counsel an opportunity to explain his actions, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

Furthermore, it is well-settled that the issue of ineffective assistance of counsel may be raised for the first time on appeal without the necessity of a motion for new trial. *See Robinson v. State*, 16 S.W.3d 808, 810-13 (Tex. Crim. App. 2000). And, a trial court has no authority to grant a new trial as to punishment alone. *See State v. Hight*, 907 S.W.2d 845, 846-47 (Tex. Crim. App. 1995); *see also Junious v. State*, 120 S.W.3d 413, 416 n.3 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).

## B. Discussion

Blair testified that he had a serious drug problem, while listing all of the drugs that he had abused. He also testified that, when this robbery occurred, he was high on drugs. Blair explained: "I was searching for the emotion and the feelings that I got

when I was in Iraq.  That's what I was looking for.  So I was looking for it through a needle, through a pipe, through a bottle."  Blair acknowledged that the "emotion" he was looking for was the "adrenaline high" or "euphoria" associated with combat.  Blair further explained that the "psychosis of war" caused him to act out and noted that: "There's the fear, the depression that you come back with that you bury over there, that you numb yourself to."  Blair later stated that he had post-traumatic stress disorder as a result of his military service.  When asked by trial counsel how he would respond to civilian life when released from prison, Blair stated:  "That I can deal with the emotions that I've been going through for the last year without alcohol and drugs, that I can face those nightmares without pills, that I can face socializing with people without fear that they're plotting against me."  Moreover, Blair admits on appeal that the pre-sentence investigation report "details Blair's extensive substance abuse and emotional issues."

In analyzing this issue, we first note that the record is silent as to trial counsel's strategy for not calling an expert to opine on Blair's alleged emotional and psychological issues.  *See Thompson*, 9 S.W.3d at 813-14 (stating that "in the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*"); *see also Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).  Second, Blair does not mention on appeal what information such an expert would present that would not be cumulative of the evidence already brought forth during the punishment hearing.  *See, e.g.,* TEX. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

considerations of undue delay, or *needless presentation of cumulative evidence*.") (emphasis added). And third, beyond mere speculation, Blair does not adequately explain how the testimony of the expert would somehow result in a different outcome at the punishment hearing, especially considering Blair's extensive criminal history and the fact that his fifty-year sentence is not at the high end of the range associated with first-degree felonies. *See Strickland*, 466 U.S. at 687-95, 104 S. Ct. at 2064-69 (noting that it is not enough for a defendant to show that counsel's errors has some conceivable effect on the outcome of the proceeding); *Ex parte Cash*, 178 S.W.3d 816, 818-19 (Tex. Crim. App. 2005) (holding that a defendant cannot satisfy the second prong of *Strickland* "based on pure conjecture and speculation"); *Dewberry*, 4 S.W.3d at 737; *see also* TEX. PENAL CODE ANN. §§ 12.32(a) (stating that the punishment range for first-degree felonies is "for life or for any term of not more than 99 years or less than 5 years"), 29.03(b) (providing that, upon conviction for the offense of aggravated robbery, a defendant is subject to the punishment range corresponding to first-degree felonies).

Based on the record before us, we cannot say that trial counsel's decision whether to present an expert witness to reiterate that which was contained in the pre-sentence investigation report and that which was explained by Blair was, in and of itself, unreasonable.[3] *See Wiggins*, 539 U.S. at 523, 123 S. Ct. at 2536. Moreover, for the

---

[3] Nevertheless, Blair relies heavily on this Court's decision in *Freeman v. State*, 167 S.W.3d 114 (Tex. App.—Waco 2005, no pet.) to support his contention that his trial counsel did not adequately investigate his mental-health and substance-abuse issues and present those issues to the trial court. In *Freeman*, we concluded that Freeman's trial counsel failed to adequately investigate his mental-health history and that there was a reasonable probability that the results of the punishment hearing would have been different had trial counsel conducted an adequate investigation. *Id.* at 121. As a result, we reversed Freeman's sentence and remanded for a new hearing on punishment. *Id.*

reasons mentioned above, we conclude that Blair has not overcome the strong presumption of reasonable assistance and, thus, has not proved his ineffective assistance of counsel claims. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065-66; *Thompson*, 9 S.W.3d at 813. Accordingly, we overrule this issue.

## III.   CONCLUSION

Having overruled Blair's sole issue on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice

---

Blair asserts that the fact scenario in *Freeman* is analogous to this case. We disagree for a number of reasons. First, and perhaps most importantly, the record in *Freeman* contained testimony from trial counsel, whereby trial counsel admitted "that he made no investigation of Freeman's mental[-]health history." *Id.* Here, we have no such record evidence. By questioning Blair about his alleged post-traumatic stress disorder and prior substance abuse, one can infer that trial counsel had conducted a thorough investigation of those issues and sought to present that information to the trial court as mitigating evidence. Second, Freeman's appellate counsel introduced, at three post-trial hearings, a number of medical records showing that, indeed, Freeman had been hospitalized for mental-health issues and had attempted to commit suicide. *Id.* at 118 & n.2. Here, Blair does not direct us to portions of the record containing medical records documenting his purported mental-health issues. And, Blair does not direct us to evidence demonstrating that he had attempted to commit suicide. Third, the *Freeman* court emphasized that "the jury received only lay testimony from Freeman and his mother regarding his mental illness." *Id.* at 121. In this case, the trial court imposed Blair's sentence, rather than a jury, and the pre-sentence investigation report documented Blair's substance-abuse and mental-health history so that the trial court was aware of these issues. It is clear to us that the evidence presented during the punishment hearing in this case about Blair's mental-health and substance-abuse issues was much more substantial than that presented in *Freeman*; as such, we do not find the reasoning in *Freeman* to be persuasive in this matter.

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 26, 2011
Do not publish
[CR25]