

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00273-CR
_____

JAQUEL O'NEAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. FISC-12-21463, Honorable Trent D. Farrell, Presiding

May 31, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Jaquel O'Neal, appeals his conviction for aggravated sexual assault of a child. One issue is presented for our review. It concerns the trial court's decision to allow the withdrawal of the attorney pro tem it previously appointed to represent the State in appellant's prosecution. The attorney pro tem was appointed after Dustin Boyd, the Coryell County district attorney, moved to substitute counsel. Such was sought, according to the motion, because an employee in the office "has a relationship to a party regarding this matter that would preclude the District Attorney's office from pursuing any further action" and "the nature of the relationship is such that legal

interests of the State . . . or the Defendant would be jeopardized." In granting the motion, the trial court ordered that the "District Attorney's office is discharged as attorney of record" and that "Sandy Gately is substituted as attorney of record for the State of Texas . . . . "Thereafter, the attorney pro tem moved to withdraw because the "relationship" mentioned in the original motion to substitute counsel "no longer exists as that party has withdrawn as counsel to defendant and different counsel has been appointed." "Since no potential conflict now exists," according to Gately, "the District Attorney is the appropriate counsel for the State . . . ." The trial court granted the motion and reinstated District Attorney Boyd as appellant's prosecutor.[1] We affirm.

Whether to permit an attorney pro tem to withdraw lies within the trial court's discretion. *Coleman v. State*, 246 S.W.3d 76, 85 (Tex. Crim. App. 2008) (stating that "[t]he decision not to modify the order appointing the attorneys pro tem was within the trial court's sound discretion and we will not disturb that decision absent an abuse of discretion."). So, we cannot disturb its decision unless that discretion was abused. *Id.* Furthermore, discretion is legitimately exercised when the decision falls within the zone of reasonable disagreement. *Buntion v. State*, 482 S.W.3d 58, 76 (Tex. Crim. App. 2016).

Here, appellant argues that "[h]aving previously disqualified [itself] from the prosecution of this matter, the Coryell County District Attorney's Office reappointment to the prosecution of this matter requires a new trial." That is, a "district judge has authority to appoint and remove at discretion an attorney pro tem," according to appellant. However, "[t]he Code of Criminal Procedure is clear in that once deemed

---

[1] Because this appeal was transferred to the Seventh Court of Appeals from the Tenth Court of Appeals, we are obligated to follow the precedent, if any, of the latter court. *See* TEX. R. APP. P. 41.3.

2

disqualified, always disqualified," and this left the district judge with only one choice. That choice was to appoint another attorney pro tem to represent the State.

Those parts of the Code of Criminal Procedure applicable here are found in articles 2.07 and 2.08. Paragraph (a) of the former states that "[w]henever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of his office . . . the judge of the court in which he represents the state may appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state." TEX. CODE CRIM. PROC. ANN. art. 2.07(a) (West 2005). Paragraph (b-1) of the same statute provides that "[a]n attorney for the state who is not disqualified to act may request the court to permit him to recuse himself in a case for good cause and upon approval by the court is disqualified." *Id.* art. 2.07(b-1).

Article 2.08 of the Code of Criminal Procedure addresses the subject of disqualification. Paragraph (a) bars a district attorney from being "of counsel adversely to the State in any case [or] any court . . . ." TEX. CODE CRIM. PROC. ANN. art. 2.08(a) (West Supp. 2015). The prohibition includes acting "adversely to the State in any case in which they have been of counsel for the State" after leaving office. *Id.* That is followed by a paragraph mentioning one circumstance in which a trial court must declare the district attorney disqualified. It involves the situation where "the attorney is the subject of a criminal investigation by a law enforcement agency if that investigation is based on credible evidence of criminal misconduct for an offense that is within the attorney's authority to prosecute." *Id.*

3

No one disputes that the substitution of pro tem Gately for District Attorney Boyd implicated art. 2.07(b-1). That is, that substitution was sought for "good cause" and upon "approval of the court." Nor does anyone deny that granting a motion under art. 2.07(b-1) renders the district attorney "disqualified." Yet, nothing in articles 2.07 or 2.08 define the term "disqualified" or disqualification. And, no one suggests that the circumstances mentioned in art. 2.08 prohibiting a district attorney from acting existed here when District Attorney Boyd sought alternate counsel for the State. To this, we add another observation.

Neither articles 2.07 nor 2.08 expressly say "once deemed disqualified, always disqualified." Nonetheless, appellant would have us read such finality into them due to the word "disqualified" and its plain meaning. The latter, according to appellant, means "the fact or condition of being ineligible."

It is true that a rule of statutory construction requires us to interpret a statute in accordance with the intent of the legislature. *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011). So, too is it true that we must generally assign words their plain meaning when endeavoring to uncover that intent. *Id.* Yet, even if the plain meaning of "disqualified" were that ascribed by appellant, we have difficulty seeing how it mandates his desired finality. Ineligibility refers to a status arising from a circumstance. Change the circumstance, the ineligibility may disappear. For instance, a twenty year old is ineligible to purchase alcoholic beverages in those locales where one must be twenty-one to do so. Yet, once the person turns twenty-one, the limiting circumstance no longer exists, and the person becomes eligible to acquire such beverages. So, simply because disqualification encompasses ineligibility, it does not logically follow that once

4

ineligible or disqualified due to a particular circumstance then always ineligible or disqualified despite the change in that circumstance. That seems especially true here given other parts of the statutes under consideration, and our obligation to interpret words in conjunction with their context and not in isolation. *See* TEX. GOV. CODE ANN. § 311.011(a) (West 2013) (stating that words and phrases shall be read in context and construed according to rules of grammar and common usage.); *Leming v. State*, No. PD-0072-15, 2016 Tex. Crim. App. LEXIS 73, at *15 (Tex. Crim. App. April 13, 2016) (stating that ". . . we best accomplish the legislative intent by giving efficacy to all of the language in a statute and . . . not presum[ing] that the Legislature did a useless thing."), *Nguyen v. State*, 1 S.W.3d 694, 696 (Tex. Crim. App. 1999) (stating that "we cannot interpret a phrase within a statute in isolation").

As previously mentioned, a trial court "may appoint any competent attorney to perform the duties of the office *during the absence or disqualification* of the attorney for the state." TEX. CODE CRIM. PROC. ANN. art. 2.07(a) (West 2005) (emphasis added). Appending the word "during" to the phrase "the absence or disqualification" evinces an intent that the appointment be for a period of time or that it be transient as opposed to permanent. Furthermore, the duration or transience of the appointment is affected by the length of absence or disqualification. Once the district attorney is no longer disqualified or absent, the attorney pro tem need not have to serve. At least that seems to be how the Court of Criminal Appeals views the matter through *Coleman*.

In *Coleman v. State*, the district attorney recused himself due to a purported conflict of interest and attorneys pro tem were appointed in his stead. Thereafter, elections occurred and a new district attorney won the seat. Issue then arose about

whether the attorneys pro tem had to be replaced with the newly elected district attorney. The Court of Criminal Appeals responded with: "[w]hen the newly elected district attorney . . . took office and replaced [the prior district attorney who recused himself] he did not have any conflict of interest with appellant. If he had wanted to do so, [the new district attorney] could have requested the trial court to terminate the appointment of the attorneys pro tem because he was the duly elected district attorney and was not disqualified from acting." *Coleman v. State*, 246 S.W.3d at 85. In so stating, the court obviously recognized that the circumstances creating the disqualification may dissipate which, in turn, renders the district attorney no longer disqualified. That hardly supports the notion of "once deemed disqualified, always disqualified." [2]

The *Coleman* court also stated that the duration of the appointment "lasts until the purposes contemplated by that appointment are fulfilled" and ". . . normally depends upon the terms of the appointment order." *Id.* at 83. That too suggests the status of being "disqualified" is mutable. And, because a trial judge has the inherent power to alter its own prior rulings within the time of its plenary jurisdiction, *Junious v. State*, 120 S.W.3d 413, 417 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd), we see no reason why it cannot do the same *viz* orders appointing attorneys pro tem when circumstances change.

Returning to the record at bar, we see that the trial court convened an evidentiary hearing on the attorney pro tem's motion to withdraw. Included in the evidence

---

[2] We do caution that even if circumstances change and the district attorney is no longer disqualified, the trial judge is not obligated to remove the attorney pro tem. *Coleman v. State*, 246 S.W.3d 76, 85 (Tex. Crim. App. 2008) (holding that the trial court did not abuse its discretion in refusing to remove the attorney pro tem under the circumstances presented it).

admitted were comments about: 1) District Attorney Boyd previously moving to substitute counsel because one of his assistants had a "relationship" with opposing counsel; 2) that relationship consisted of appellant's then trial counsel asking for guidance on some issue related in some way or another to the prosecution of appellant; 3) the person from whom he sought guidance was an attorney or mentor who later became a member of District Attorney Boyd's staff; 4) the aforementioned "relationship" was with appellant's attorney, not appellant; 5) no confidential information was imparted to the district attorney's prospective staff member during the course of the discussion; 6) the prospective staff member did not represent appellant; and 7) the attorney with whom the staff member had the relationship no longer represented appellant. This was and is evidence upon which the trial court could well have concluded that the circumstances previously rendering District Attorney Boyd's office "disqualified" no longer existed. Thus, it had the discretion to reconsider its prior decision appointing an attorney pro tem, allow the latter to withdraw, and reinstate District Attorney Boyd as the State's representative in the prosecution.

And aside from arguing "once deemed disqualified, always disqualified," appellant does not attempt to show that the factual circumstances existent at the time the attorney pro tem moved to withdraw continued to illustrate the presence of an actual or potential conflict of interest. Indeed, he asserted that "[w]hether the Coryell County District Attorney's Office was in fact conflicted in this matter is of no event." Rather, we read his argument to be that because the district attorney previously informed the trial court he had a potential conflict of interest, he is judicially estopped from later

7

suggesting otherwise.[3]  In other words, he would have us adopt the notion that once he said he suffered from a conflict and the trial court agreed, the district attorney is estopped from later suggesting that the conflict has gone.  That, we cannot do.

The doctrine of judicial estoppel may prevent a litigant from taking a position inconsistent with one successfully taken in a prior proceeding.  *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008).  But, the position taken here when the attorney pro tem moved to withdraw is not the same as that taken when District Attorney Boyd first sought to have an attorney pro tem appointed.  The latter involved a particular set of facts then present.  Those facts had changed by the time the attorney pro tem sought to leave.  To accept appellant's argument here would be to say that a district attorney who once convinced the court that a defendant was competent in a pretrial hearing is later estopped from conceding the need for a competency hearing when the defendant performs different acts at trial that clearly suggest incompetence.  That is nonsensical.  Simply put, the factual circumstances underlying the previous position and the current position may affect the application of judicial estoppel.  If those circumstances change, then the doctrine may not be applicable.  *See Bridas v. Unocal Corp.*, 16 S.W.3d 887, 891-92 (Tex. App.—Houston [14th Dist.] 2000, pet denied) (stating that "[w]e are reticent to find that Bridas is judicially estopped to deny that its threatened suit in Afghanistan would be 'vexatious and oppressive' although it earlier asserted the same about Unocal's suit. Though the suits and issues are essentially identical in substance, they nonetheless offer slightly different circumstances.").  And, that is the situation here.  The original motion to substitute was based on one set of

---

[3] Appellant did not argue in his appellate brief that the facts as they existed once his previous attorney left also constituted facts illustrating a conflict of interest.

facts. The motion to withdraw and reinstate the district attorney was based on different or changed facts. So, the district attorney was not judicially estopped from urging that his office was no longer experiencing a conflict of interest related to the prosecution of appellant.

In short, we cannot say that the trial court abused its discretion in reinstating District Attorney Boyd as prosecutor and allowing attorney pro tem Gately to withdraw. Consequently, appellant's sole issue is overruled, and the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.