Opinion issued January
5, 2012.



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-10-00214-CR

————————————

 

Christopher burnell, Appellant

V.

The
State of Texas, Appellee



 



 

On Appeal from the 228th District Court

Harris County, Texas



Trial Court Cause No. 1207888

 



 

 

MEMORANDUM
OPINION

          Christopher Burnell appeals a judgment
convicting him of aggravated robbery.  See Tex. Penal Code Ann. § 29.03 (West 2011).  Burnell pleaded guilty without a plea
agreement.  The trial court found Burnell
guilty, assessed his punishment at thirty-five years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice, and entered
judgment on March 10, 2010.  Burnell
filed a notice of appeal on the same day. 
Burnell later filed a motion titled “motion for new trial and/or motion
for arrest of judgment and/or motion to reconsider sentence.”   On May
24, 2011, the seventy-fifth day after sentencing, the trial court signed an
order denying the motion for new trial but made a written note on the order
indicating that Burnell’s sentence was reformed to twenty-five years.  

On the following day, May 25, the trial court made
further notations to its order on Burnell’s motion for new trial.  It wrote that it was rescinding its May 24
denial of the motion for new trial and granting Burnell a new trial as to
punishment only.  On May 26, the trial
court re-sentenced Burnell to twenty-five years and entered a new judgment of
conviction reflecting Burnell’s sentence of twenty-five years in the TDCJ.  

Burnell raises three issues on appeal.  He contends that his plea was involuntary
because his counsel was ineffective in rendering legal advice regarding Burnell’s
plea and potential sentence, his sentence constitutes cruel and unusual
punishment in violation of the federal and Texas Constitutions, and the trial
court violated his right to due process by considering “erroneous evidence” and
irrelevant evidence during the sentencing hearing.  

After Burnell filed his brief, the State moved to
dismiss the appeal for want of jurisdiction, contending that Burnell’s March
10, 2010 notice of appeal is “not effective to challenge a judgment that
followed the granting of a new trial as to punishment only.”  In response, Burnell agrees that the appeal
“must be dismissed” but contends that it should be remanded for sentencing,
because the trial court “failed to hold a new sentencing hearing after granting
the motion for new trial on punishment.”

We conclude that we have jurisdiction over this
appeal.  We further hold that Burnell
failed to show that his plea was involuntary, that his sentence does not
constitute cruel and unusual punishment, and that the trial court did not
violate Burnell’s right to due process. 
We affirm.

Background

          Police Officer T. Infante arrived home
on December 12, 2008 and saw three men—Johnny Williams, Darrel “BG” Broussard,
and Burnell—walking in the street.  A few
minutes after entering his house, Infante looked out his front window.  He saw the three men burglarizing a white
vehicle parked in the driveway across the street.  Standing near the car, Burnell and Broussard
both acted as lookouts.  Infante retrieved
his weapon from his closest and placed it in the waistband of his pants, behind
his back.  He walked to the edge of his
yard and confronted the men.  Surprised, Burnell
took a step back.  Infante pulled his gun
and Burnell discharged the gun he was holding, striking Infante twice.  Burnell fled down the street.

          Burnell was later charged, certified
to stand trial as an adult, and indicted. 
He pleaded guilty to aggravated robbery without an agreed sentencing
recommendation and on March 10, 2010, the trial court sentenced Burnell to thirty-five
years’ confinement in the Institutional Division of the Texas Department of
Criminal Justice.  The same day, Burnell
filed a notice of appeal.  

          On April 9, 2010, Burnell filed with
the trial court a motion for new trial, to arrest judgment, and to reconsider the
sentence.  In it, he raised numerous
complaints, including that his plea was involuntary because his trial counsel
failed to give reasonably competent advice about sentencing and led Burnell to
believe he would be sentenced to community supervision, that the trial court
erred by refusing to allow Burnell to present witnesses or arguments regarding
sentencing, and that Burnell’s sentence was grossly disproportionate to the
crime, constituting cruel and unusual punishment in violation of the federal
and Texas Constitutions and the United States Supreme Court decision in Graham v. Florida.  See Graham
v. Florida, 130 S. Ct. 2011 (2010).

          The trial
court granted Burnell’s request for an evidentiary hearing on his motion for
new trial.  At the conclusion of that hearing
on May 21, 2010, the trial court took judicial notice of the contents of the
clerk’s file, including the presentence-investigation report and the plea
papers signed by Burnell, and took the motion under advisement.  On May 24, 2010, the seventy-fifth day after sentencing, the
trial court signed an order denying Burnell’s request for a new trial but
noting that Burnell’s sentence was reformed to twenty-five years’
confinement.  The trial court made
the following handwritten note on the March 10, 2010 judgment: “Be it
remembered on the 24th day of May 2010, the trial court reformed the sentence
to 25 yrs TDCJ-In.”  

On May 25, 2010, the seventy-sixth day after
sentencing, the trial court made a handwritten note on the order denying Burnell’s
motion for new trial indicating that it was rescinding the order denying the
new trial and, instead, granting Burnell a new trial as to sentencing
only.  The trial court also wrote on the
March 10, 2010 judgment: “new trial granted on May 25, 2010.” 

          On May 26, 2010, the trial court announced
on the record its findings that Burnell’s plea “was a knowing plea and that he
was informed and that the lawyer was not ineffective in that regard.”  However, the trial court concluded, based on
the new evidence that Burnell presented at the hearing on the motion for new
trial, that Burnell’s trial counsel’s presentation of evidence on sentencing
was ineffective.  Accordingly, the trial
court announced that it would “reform the sentence” and “find the presentation
of evidence ineffective in that regard and sentence him to 25 years.”  On the same day, the trial court entered a
new judgment and again certified Burnell’s right to appeal.  

Both the State and Burnell contend we lack
jurisdiction over this appeal.  The State
contends we should dismiss for lack of jurisdiction because Burnell was
required to but did not file a notice of appeal after the trial court granted a
new trial.  Burnell contends we must
dismiss and remand for a new trial on sentencing because the trial court was
required to but did not hold a sentencing hearing after it granted Burnell’s
motion for new trial.  We address our
jurisdiction before turning to the merits.

Jurisdiction

Filing a notice of appeal invokes the appellate court’s
jurisdiction.  Tex. R. App. P. 25.2(b). 
However, it does not automatically terminate the trial court’s jurisdiction.  See Meineke
v. State, 171 S.W. 3d 551, 558 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  At a minimum, a trial court retains plenary
power to modify its sentence if a motion for new trial or motion in arrest of
judgment is filed within thirty days of sentencing.  State
v. Aguilera, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005).  When a motion for new trial is timely filed,
our rules provide that a trial court has the authority to resolve the merits of
that motion within seventy-five days after sentencing. Tex. R. App. P. 21.8 (a), (c); Awadelkariem v. State, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998).  Further, a court has power to correct,
modify, vacate, or amend its own rulings, including the sentence, within the
time of its plenary jurisdiction.  See Awadelkariem, 974 S.W.2d at 728
(holding that “an order granting or denying a motion for new trial may be
freely rescinded so long as such action occurs within the 75 days provided by
the rules”); Meineke, 171 S.W.3d at
558 (noting trial court can, in the interest of judicial economy, exercise its
plenary power to correct an illegal sentence by modifying, vacating or amending
its rulings); Junious v. State, 120
S.W.3d 413, 417 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d) (holding
trial court was authorized to alter appellant’s sentence within the time of its
plenary jurisdiction).

          Here, it is undisputed that Burnell timely
filed a notice of appeal invoking this court’s jurisdiction on March 10, 2010,
the day he was sentenced to thirty-five years’ confinement.  Because Burnell timely filed a motion for new
trial, the trial court retained jurisdiction to resolve Burnell’s motion for
new trial for seventy-five days after sentencing, through May 24, 2010.  Tex. R.
App. P. 21.8(a), (c).  The trial
court thus had jurisdiction on May 24, the seventy-fifth day after sentencing,
to consider the arguments in and rule on Burnell’s motion for new trial, and to
reduce Burnell’s sentence to twenty-five years. 
State v. Davis, 349 S.W.3d
535, 538 (Tex. Crim. App. 2011) (trial court had authority to set aside
original sentence and modified judgment was not void where defendant had filed motion
to reconsider his sentence, which was functionally indistinguishable from motion
for new trial on punishment, within thirty days of his initial sentence); Awadelkariem, 974 S.W.2d at 728 (noting
that trial court may modify order on motion for new trial within the seventy-five
days provided by the rules); In re
Sistrunk, 142 S.W.3d 497, 503 (Tex. App.—Houston [14th Dist.] 2004, orig.
proceeding) (noting that trial court has inherent power to correct, modify, vacate
or amend its own ruling within the statutory time table); see Junious, 120 S.W.3d at 417 (trial court had power to modify sentence
because plenary jurisdiction had not expired when it reformed punishment to ten
years’ confinement); Patterson v. State,
No. 04-10-00513-CR, 2011 WL 3715057 at *9–10 (Tex. App.—San Antonio Aug. 24, 2011, pet. dism’d) (trial court
had plenary power to modify sentence where appellant presented legal arguments
for modification and trial court held hearing on motion to reconsider within
thirty days of sentencing).

However, May 24 was the last day on which the trial
court had jurisdiction to resolve the merits of Burnell’s motion for new trial.  The trial court lacked jurisdiction to grant
the motion on May 25, 2010, because it was the seventy-sixth day after
sentencing.  See Tex. R. App. P.
21.8 (a), (c); Awadelkariem, 974
S.W.2d at 728 (“[A]fter the 75 day period expires, an order granting or denying
a new trial becomes ‘final . . . .’”).  Accordingly,
the trial court’s May 25 order granting Burnell a new trial as to sentencing, and
May 26 resentencing and judgment are null and void.  See State
v. Bates, 889 S.W.2d 306, 310 (Tex. Crim. App. 1994) (“[B]ecause the trial
court’s order granting a new trial . . . was entered more than 75 days after
the judgment, the Court of Appeals did not err to hold that it was void.”).  

          The State and Burnell contend, for
different reasons, that we lack jurisdiction. 
Both arguments, however, depend on the validity of the May 25 order
granting Burnell a new trial.  Because we
have concluded that order is a nullity, both parties’ arguments that we lack
jurisdiction also fail.  We conclude the
trial court lacked jurisdiction to enter the May 25 order granting Burnell a
new trial as to punishment only and, accordingly, lacked jurisdiction to enter
the May 26 judgment.  We further hold
that Burnell’s March 10 notice of appeal invoked our jurisdiction to review the
March 10 judgment, which we find the trial court had jurisdiction to, and did, reform
on May 24 to reduce Burnell’s sentence from thirty-five years to twenty-five
years.[1]  See Davis,
349 S.W.3d at 538; see also Awadelkariem,
974 S.W.2d at 728; see Junious, 120
S.W.3d at 417.  We thus turn to the
merits of Burnell’s appeal.   

Voluntariness of the Plea

In his first point of error, Burnell asserts that his
plea was involuntary because he received ineffective assistance of
counsel.  Burnell contends that his trial
counsel was ineffective in (1) erroneously advising him that he would be
sentenced to probation if he pled guilty, (2) failing to advise Burnell and
delegating that duty to Burnell’s mother, and (3) failing to tell the court
that he had difficulty communicating with Burnell and that he believed that
Burnell lacked the mental capacity to understand the consequences of his
actions.  

In determining whether a plea is voluntary, we
consider the record as a whole.  Fimberg v. State, 922 S.W.2d 205, 207
(Tex. App.—Houston [1st Dist.] 1996, pet. ref’d) (citing Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim. App.
1975)).  A record that indicates that the
trial court properly admonished the defendant presents a prima facie showing
that the guilty plea was made voluntarily and knowingly.  Arreola
v. State, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.)
(citing Martinez v. State, 981 S.W.2d
195, 197 (Tex. Crim. App. 1998)).  When
the record presents a prima facie showing that the plea was voluntary and
knowing, the burden shifts to the defendant to show that he entered the plea
without understanding the consequences.  Id. (citing Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st
Dist.] 1996, no pet.).  An accused who
attests when he enters his plea of guilty that he understands the nature of his
plea and that it is voluntary has a heavy burden on appeal to show that his
plea was involuntary.  Id. 
However, a guilty plea is not voluntary if made as a result of ineffective
assistance of counsel.  Ex parte Niswanger, 335 S.W.3d 611, 614–15
(Tex. Crim. App. 2011).

Although there are no oral admonishments on the record
because Burnell waived the right to receive them, the signed, written admonishments
in the record indicate that Burnell voluntarily agreed to the plea and was fully
aware of the range of punishment for the offense of aggravated robbery.  Burnell signed the admonishments and initialed
next to the statements “I am mentally competent and I understand the nature of
the charge against me,” “I understand the admonishments of the trial court set
out herein,” and that the range of possible incarceration time was “a term of
life or any terms of not more than 99 years or less than 5 years in the
Institutional Division of the Texas Department of Criminal Justice.”  At the end of the admonishments he initialed
next to the statement: “Joined by my counsel, I state that I understand the
foregoing admonishments and I am aware of the consequences of my plea.  I am mentally competent to stand trial and my
plea is freely and voluntarily made.”  As
a result of signing these admonishments, a heavy burden is placed on Burnell to
show a lack of voluntariness.  See Mallett v. State, 65 S.W.3d 59, 64
(Tex. Crim. App. 2001) (record showing appellant was properly admonished
established prima facie case that plea was knowing and voluntary).

Because this is an ineffective assistance of counsel argument,
we must refer to the standards set out in Ex
parte Moody.  991 S.W.2d 856, 857–58
(Tex. Crim. App. 1999).  Moody frames the Strickland test in the context of determining whether counsel was
inadequate when an appellant has pleaded guilty: “[V]oluntariness . . . depends
on (1) whether counsel’s advice was within the range of competence demanded of
attorneys in criminal cases, and if not, (2) whether there is a reasonable
probability that, but for counsel’s errors, he would not have pleaded guilty
and would have insisted on going to trial.”  Id. (quoting
Ex parte Morrow, 952 S.W.2d 530, 536
(Tex. Crim. App. 1997)); see also
Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).  We recognize a strong presumption that trial
counsel’s performance fell within the wide range of reasonable professional
assistance and appellant must overcome this presumption.  Rylander
v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (citing Strickland, 466 U.S. at 689, 104 S. Ct.
at 2065).  To defeat the presumption of
reasonable professional assistance, “[a]ny allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.”  Mallett, 65 S.W.3d at 63 (quoting Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of appellant’s case.  Thompson,
9 S.W.3d at 813.  A plea of guilty based
on erroneous information conveyed to the defendant by his trial counsel is
involuntary.  Fimberg, 922 S.W.2d at 207 (citing Ex parte Griffin, 679 S.W.2d 15, 17
(Tex. Crim. App. 1984)).  The court must
first make a threshold determination that counsel erroneously and incompetently
advised the appellant before the second factor concerning prejudice to the
appellant is reached.  Id. at 208. 

Burnell asserted that his plea was involuntary in his
motion for new trial, which was denied by the trial court.  An appellate court reviews a trial court’s
denial of a motion for new trial under the “abuse of discretion” standard.  Holden
v. State, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).  We do not substitute our judgment for that of
the trial court, but rather we decide whether the trial court’s decision was
arbitrary or unreasonable.  Id. 
We must view the evidence in the light most favorable to the trial court’s
ruling and presume that all reasonable factual findings that could have been
made against the losing party were made against that losing party.  State
v. Herndon, 215 S.W.3d 901, 906 n.16 (Tex. Crim. App. 2007).  Thus, a trial court abuses its discretion in
denying a motion for new trial only when no reasonable view of the record could
support the trial court’s ruling.  Holden, 201 S.W.3d at 763.  

In his first ineffective assistance claim, Burnell
asserts that his plea was involuntary because his trial counsel advised Burnell
that he would be sentenced to probation, not incarceration.  Burnell and his mother testified that the
trial counsel told them that Burnell would receive only probation.  Burnell testified that although he had signed
the admonishments, he was still “wishy-washy” about what would happen to him
when he made his plea.  Burnell also
stated that he himself did not really read the paperwork.  As the sole judge of the credibility of the
witnesses, the trial court had the choice to accept or reject testimony that was
presented to it.  Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987).   

Although Burnell claims that he did not understand
what he was signing when he made his plea on January 20, 2010, the February 4,
2010 Level of Service Inventory-Revised from Burnell’s PSI reflects that
Burnell was aware that probation was not the only possibility.  The report states that Burnell “Rpts he can
get from 5–99 TDC.  Attny told him probation
is possible-maybe 7–10 years.  Feels he
should get less time–5 yrs, probation.”  From
this report the court could find that Burnell knew that probation was possible,
but that he was also informed by his attorney that the range of sentences
including possible incarceration of up to ninety-nine years.

To support his claim of ineffective assistance in his
motion for new trial, Burnell presented an affidavit of his trial counsel
Ramond Howard.  Although Howard asserts
in the affidavit that “it was the general consensus of the parties concerned
that Burnell was going to receive probation from the court” he goes on to state
that “[i]t was conceivable that [Burnell] may
not have understood that it was possible that he would not receive probation.”
(Emphasis added).  Nowhere in the
affidavit does Howard state that he promised Burnell he would receive community
supervision if he pleaded guilty or advised Burnell that it was the only
possible outcome.  See Fimberg, 922 S.W.2d at 208 (finding plea voluntary when
attorney denied promising appellant would not receive jail time and only
additional information on record reflecting promise were appellant and son’s
statements).   In fact, in his affidavit
Howard also asserts that after he spoke to the District Attorney and she told
him that she thought the judge would probably
grant Burnell deferred adjudication, he shared this information with Burnell, who then agreed to pursue a plea
without a recommendation.  The lack of a
promise of community supervision by the trial attorney in the record, together
with the showing in the PSI report that Burnell knew the range of punishment
included incarceration potentially up to ninety-nine years, are sufficient
evidence to find Burnell’s plea was voluntary. 


Even if we were to find that Burnell was told that the
likelihood of community supervision was high, we cannot find this advice is
below the range of competence of a reasonable defense attorney.  If a defendant is eligible for community
supervision, a trial counsel does not render ineffective assistance by advising
him to plead guilty under the expectation that there will be a lighter sentence
than what is ultimately received.  See Graves v. State, 803 S.W.2d 342, 347
(Tex. App.—Houston [14th Dist.] 1990, pet. ref’d) (“Appellant was not denied
effective assistance of counsel by counsel’s inaccurate prediction that
appellant would receive probation if he entered a nolo contendere plea where
the record reveals no promises to appellant and that he was fully admonished
that the court could assess punishment anywhere within the statutory range.”).

In his second ineffective assistance argument, Burnell
asserts that his plea was not voluntary because trial counsel erred by not
fulfilling his duty to advise his client and instead delegated the duty to Burnell’s
mother.  Burnell again relies on his
trial counsel’s affidavit in which his counsel states that he asked Burnell to
consult with his mother for further understanding of discussions Burnell had
with his counsel.  Asking Burnell to
discuss a plea decision with his mother in order to clarify or explain the
possible outcomes of his plea is not so outside the range of actions of a
reasonably competent attorney to find counsel ineffective.  See
Mata v. State, No. 01-98-00697-CR, 2000 WL 860813 at *3 (Tex. App.—Houston [1st Dist.] June 29,
2000, pet. ref’d) (not designated for publication) (plea voluntary even though
trial attorney reported appellant had low understanding of legal terms and he
had family explain legal issues to appellant). 


In his third ineffective assistance argument, Burnell
argues that his attorney failed to tell the court that he had difficulty
communicating with Burnell and that he believed that Burnell lacked the mental capacity
to understand the consequences of his actions. 
Although trial counsel’s affidavit states that Burnell was “immature for
his age” and that he continued to develop as a teenager through the process,
this does not amount to a showing that counsel had difficulty communicating
with Burnell or that he lacked the mental understanding of the consequences of
his actions.  The trial court had the
opportunity to observe and interact with Burnell during the punishment phase of
trial and the hearing on the motion for new trial.  As the PSI report shows, Burnell stated that
he knew the range of punishment was five to ninety-nine years, and that he had
discussed the range of sentence with his attorney.  Although some evidence indicates that Burnell
may be developmentally behind his peers, the record supports a finding that
Burnell was able to communicate rationally and coherently throughout the
proceedings.  

After reviewing the record, the trial court denied
Burnell’s motion for a new trial. 
Burnell signed written admonishments stating that his plea was voluntary
and he acknowledged the range of possible sentences.  The admonishment established a prima facie
showing that his plea was voluntary.  See Mallett, 65 S.W.3d at 64.  Viewing the evidence in a light most favorable
to the trial court ruling and reviewing the record as a whole, we are unable to
say that the performance of appellant’s trial counsel fell below an objective
standard of reasonableness.  See Thompson, 9 S.W.3d at 812.  As such, Burnell has not overcome the strong
presumption in favor of the reasonableness of counsel’s professional
assistance. See Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065.  Because Burnell
fails to meet the first prong of Strickland,
we do not reach the second prong.  See Mallett, 65 S.W.3d at 68.  

We overrule Burnell’s first issue.

Cruel and unusual punishment

In his second point of error, Burnell argues that the
trial court erred in assessing an “unconstitutional” punishment that violates
his right to be free from cruel and unusual punishment under both the federal
and Texas Constitution.   He asserts his twenty-five
year sentence is categorically prohibited by the Eight Amendment as discussed
in Graham v. Florida.  See
Graham, 130 S. Ct. at 2030 (a
juvenile offender cannot be sentenced to life in prison without parole for non-homicide
crimes).  

A.  
Federal Constitution 

The Eighth Amendment, which forbids cruel and unusual
punishments, contains a narrow proportionality principle prohibiting a sentence
from being greatly disproportionate to the crime it punishes.  See
Ewing v. California, 538 U.S. 11, 22,
123 S. Ct. 1179, 1186 (2003) (citing Harmelin
v. Michigan, 501 U.S. 957, 996–997, 111 S. Ct. 2680, 2702 (1991) (Kennedy,
J., concurring in part and concurring in judgment)).  Embodied in the Constitution’s ban on cruel
and unusual punishments is the “precept of justice that punishment for crime
should be graduated and proportioned to [the] offense.” Weems v. United States, 217 U.S. 349, 367, 30 S. Ct. 544, 549
(1910).  The Eighth Amendment does not
require strict proportionality between crime and sentence; rather, it forbids
only extreme sentences that are grossly disproportionate to the crime.  See
Ewing, 538 U.S. at 23, 123 S. Ct. at 1186–87 (citing Harmelin 501 U.S. 957, 996–97, 111 S. Ct. 2680, 2702 (Kennedy, J.,
concurring)).

In Graham, the
Supreme Court of the United States stated that generally there are two
classifications of proportionality challenges to sentences.  “The first involves challenges to the length
of term-of-years sentences given all the circumstances in a particular case.” Graham, 130 S. Ct. at 2021. Under this
approach, courts must determine “whether a sentence for a term-of-years is grossly
disproportionate for a particular defendant’s crime.”  Id.
at 2022.

“The second classification of cases has used
categorical rules to define Eighth Amendment standards.”  Id.
 This classification consists of two
subsets, one considering the nature of the offense, the other considering the
characteristics of the offender.  Id.  

Burnell contends his sentence is categorically
prohibited because it involves sentencing a juvenile to a long term in
prison.  Burnell argues that examining
the case to determine whether proportionality exists between the sentence and
offense is not sufficient to address issues of sentencing juveniles to long
terms of prison.  Although he contends
that he is arguing the categorical approach as applied in Graham, his reading of Graham
is overbroad.  

 In Graham, the Supreme Court stated in that
particular case “a sentencing practice itself is in question.  This case implicates
a particular type of sentence as it applies to an entire class of offenders who
have committed a range of crimes.”  Id. at 2022–23.  Although juveniles are
the class of offenders whose punishments can require the categorical approach
under Graham, the categorical
approach is not appropriate here as Burnell does not specify a “particular
type” of sentence but rather he merely argues against long sentences for
juveniles generally.  Burnell ignores the fact
that Graham’s holding concerns only
the punishment of life in prison without parole for juveniles who commit
non-homicide crimes.  See Duran v. State, No. 01-10-00212-CR,
2011 WL 3918157 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (emphasizing
Graham’s holding was narrow and
finding it inapplicable).

As we find the categorical approach inappropriate, we
will analyze Burnell’s Eighth Amendment claim under the approach laid out in Harmelin, 501 U.S. 957, 1005, 111 S. Ct. at 2680, 2707; see also Graham, 130 S. Ct. at 2022 (stating that Harmelin’s approach is suited for
considering grossly disproportionate challenge).  Under the Harmelin
analysis, we examine whether a sentence for a term-of-years is grossly
disproportionate for a particular defendant’s crime.  A court begins by making an objective
comparison of the gravity of the offense with the severity of the sentence.  Graham,
130 S. Ct. at 2022 (citing Harmelin,
501 U.S. at 1005, 111 S. Ct. at 2707 (Kennedy, J. concurring)); Mullins v. State, 208 S.W.3d 469, 470
(Tex. App.—Texarkana 2006, no pet.).  If
that threshold comparison leads to an inference of gross disproportionality,
the court should then compare the defendant’s sentence: (1) with the sentences
imposed in other crimes in the same jurisdiction; and (2) with the sentences
imposed for the same crime in other jurisdictions.  Graham,
130 S. Ct. at 2022 (citing Harmelin,
501 U.S. at 1005, 111 S. Ct. at 2707 (Kennedy, J. concurring)); Mullins, 208 S.W.3d at 470.

Aggravated robbery is a first degree felony. Tex. Penal Code Ann. 
§ 29.03(b).  Texas law provides an
individual adjudged guilty of a felony of the first degree shall be punished by
imprisonment in the Texas Department of Criminal Justice for life or for any
term of not more than ninety-nine years or less than five years and a fine not
to exceed $10,000.  Tex. Penal Code Ann. § 12.32(a), (b) (West
2011).  Here, Burnell shot a firearm
eight times in an effort to flee the scene at which he was committing a
property crime.  Two of those shots hit
the victim, Infante, resulting in injuries that caused temporary paralysis and
required physical therapy, as well as an extended recovery time.  One bullet hit Infante’s wrist, requiring
placement of a metal plate in his arm.  The
other bullet remains lodged in Infante’s spine and will remain there due to the
fact that its removal poses a risk of paralysis.  Burnell’s sentence of twenty-five years, as
reformed by the trial court, fell well within the lower half of possible
sentences the court could have imposed for his offense.  We cannot say that a sentence of twenty-five
years is grossly disproportionate to the violent nature of this crime.  

B.  
State Constitution

Although Burnell asserts in his brief’s heading that
his sentence constitutes cruel and unusual punishment in violation of the Texas
Constitution, he does not specify his reasoning.  Texas courts have routinely held that
punishment that falls within the limits prescribed by a valid statute is not
excessive, cruel, or unusual. See, e.g., Samuel v. State, 477 S.W.2d 611, 614
(Tex. Crim. App. 1972) (“where the punishment assessed by the judge or jury was
within the limits prescribed by the statute the punishment is not cruel and
unusual within the constitutional prohibition”); Ajisebutu v. State, 236 S.W.3d 309, 314 (Tex. App.—Houston [1st Dist.] 2007,
pet. ref’d) (“Generally, a sentence within the statutory range of punishment
for an offense will not be held cruel or unusual under the Constitution of
either Texas or the United States.”).

Here Burnell was sentenced to twenty-five years in
prison and did not receive a fine.  His
punishment is within the statutory limits and therefore is not unconstitutional
under the Texas Constitution.  See Tex.
Penal Code Ann. 
§ 12.32(a), (b). 

We overrule Burnell’s second issue.

Due Process

In his third issue, Burnell claims that his right to
due process was violated because the trial court erred in considering erroneous
evidence and evidence not rationally related to the case.  Due process requires a neutral and detached
hearing body or officer.  Brumit v. State, 206 S.W.3d 639, 645
(Tex. Crim. App. 2006) (citing Gagnon v.
Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756, 1762 (1973)).  A trial court denies the defendant due process
when it arbitrarily refuses to consider the entire range of punishment for an
offense or refuses to consider mitigating evidence and imposes a predetermined
punishment.  See Ex parte Brown, 158 S.W.3d 449, 454 (Tex. Crim. App.
2005).  Absent a clear showing of bias, a
trial court’s actions will be presumed to have been correct.  Brumit,
206 S.W.3d at 645.  In his motion for new
trial, Burnell asserted the trial judge erroneously considered his own personal
experience with guns and Burnell’s father’s role in his life.  

Burnell argues that the trial judge erred in commenting
on his own personal experience with a .45 caliber weapon and erred in assuming
that Burnell had father figures available to him throughout his life.  Although the trial judge did make a reference
to personal knowledge of the type of gun during the pre-sentence investigation
hearing, he did so as he was considering the physical harm that resulted to
Infante from Burnell’s use of the gun.  The
trial judge’s personal experience with the gun was ancillary to his relevant
discussion of the extensive injuries the bullets caused Infante, and there is
no showing that this brief comment is a reflection of bias on the part of the
trial court.

Burnell also argues that the trial court’s reference
to Burnell’s father figures was an error that violated his right to due
process.  As with the comments concerning
the gun, the reference to Burnell’s father figures was a passing statement,
which we do not find to rise to the level of a due process violation.  Regardless, Burnell was afforded the
opportunity to show the lack of positive influence provided by his father and
stepfather during the subsequent motion for new trial hearing, before the trial
court reformed his sentence to twenty-five years.  At that hearing, Burnell presented testimony
from Burnell’s mother and uncle to the effect that Burnell’s father was not a
part of his life and that although his uncle took on the father role for a
short time, he was primarily without a father figure.  The testimony of family members clarified the
role of Burnell’s father and stepfather and the trial court had the opportunity
to take it under review.  Although the
trial court denied the motion for new trial, after hearing this additional
evidence the trial court reduced Burnell’s sentence by ten years.   

Finally, Burnell contends that the trial court
incorrectly assessed his sentence based on an erroneous perception of Burnell’s
criminal history.  He asserts that the
trial court assessed punishment while under the impression that Burnell had an
additional charge of assault and a felony for burglary of a habitation.  Prior to the initial sentencing, the trial court
stated that “there have been numerous attempts at rehabilitation . . . you’ve
only responded by becoming more violent.” 
Burnell failed to make this objection at trial and did not address this
issue in his motion for new trial.  See Alexander v. State, 137 S.W.3d 127,
130–31 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (holding that failure to object to
violations of federal and state due process rights waives appellate review of
those claims).  Even assuming that he had
made a timely objection to this statement, there was no showing of a due
process error.  At the time of the
sentencing Burnell had a juvenile history of burglary of a habitation and had assaulted
a corrections officer while incarcerated for his current offense, both of which
the court could consider in sentencing.  Although
at the motion for new trial hearing Burnell and his mother incorrectly
testified as to Burnell’s criminal history, the court was presented with
evidence in the PSI that clarified Burnell’s prior criminal record.  As Burnell himself points out in his brief,
the police report explains that the original charge was listed as aggravated
assault even though he was later prosecuted for aggravated robbery.  The trial court had this information for review
and absent a showing that it did not review the record we must presume it took
all information under advisement in making its ruling.  There is no clear showing that the trial court
erroneously considered Burnell’s criminal background.

We overrule Burnell’s third issue.  

Conclusion

We affirm the judgment of the trial court and deny as
moot the State’s motion to dismiss for want of jurisdiction.   

                                      

                                                                    Rebeca
Huddle

                                                                    Justice

 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

Do
not publish.  Tex. R. App. P. 47.2(b)

 

 











[1]             We note that there is no record of an oral
pronouncement of the modified sentence 

in
the presence of all of the parties.  However,
this does not render the modified judgment void and neither party raised this
issue on appeal.  See State v. Davis, 349 S.W.3d 535, 538–39 (Tex. Crim. App. 2011).  Indeed, both sides conceded at oral argument that
they had no complaint about the reduction of Burnell’s sentence to twenty-five
years’ confinement.