Stephen ADAMS, Appellant,

v.

REYNOLDS TILE AND FLOORING, INC., Appellee.

No. 14–03–00263–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 7, 2003.

Shane R. Kadlec, Houston, for appellant.

Bradley R. Walton, Jeffrey J. Messock, Houston, for appellee.

Panel consists of Justices J. HARVEY HUDSON, FOWLER, and FROST.

## OPINION

J. HARVEY HUDSON, Justice.

Stephen Adams, plaintiff in the court below, contends he sustained a serious back injury while working for Reynolds Tile and Flooring, Inc. Adams sued Reynolds for damages allegedly sustained as a proximate cause of Reynolds's negligent failure to: (1) provide a safe work environment, (2) provide adequate assistance, (3) provide adequate safety equipment, and (4) adequately supervise its employees. Adams also sued Reynolds for breach of contract and Insurance Code violations stemming from its erroneous representation to Adams that it was a subscriber of a Texas Worker's Compensation Insurance Policy. The trial court granted Reynolds's motion for summary judgment in its entirety and ordered that Adams take nothing on his claims. Adams appeals from the summary judgment. We reverse and remand the judgment of the trial court.

### Negligence, Proximate Cause, and Foreseeability

In his first issue, Adams contends Reynolds did not establish, as a matter of law, that his injuries were unforeseeable. The summary judgment record shows that Adams was employed by Reynolds to "pull" warehouse orders and be a delivery driver. His duties included loading and unloading trucks at Reynolds's warehouse. Ordinarily, a coworker would clear the aisles of the warehouse each morning by moving tiles, cement, and other flooring materials outside the warehouse. However, on the morning of September 7, 1999, Adams alleges they were flooded with customers waiting to pick up flooring materials. The aisles of the warehouse had not yet been cleared, and he attempted to retrieve a 90–pound bag of cement stored beneath a storage rack. Because he was bent over beneath the storage rack, he injured a disk in his lower spine that ultimately required surgery.

At common law, an employer is not an insurer of its employee's safety. *Exxon Corp. v. Tidwell,* 867 S.W.2d 19, 21 (Tex.1993). Thus, an employer who is a nonsubscriber to workers' compensation owes only a duty of ordinary care to provide a safe workplace for its employees. *Id.* Accordingly, the injured employee must establish negligence in order to recover. *Werner v. Colwell,* 909 S.W.2d 866, 868 (Tex.1995). The elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty. *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1995). Under Texas law, proximate cause consists of two elements, which are cause in fact and foreseeability. *Id.* Reynolds argued in its motion for summary judgment that Adams's injury was not foreseeable because he had been routinely lifting bags of cement for several months without injury.

Reynolds did not state in its motion for summary judgment whether it was seeking a traditional summary judgment or a no-evidence summary judgment. *Compare* Tex.R. Civ. P. 166a(c), *with* Tex.R. Civ. P. 166a(i). The two forms of summary judgment are distinct and invoke

different standards of review. *Lavaca Bay Autoworld, L.L.C. v. Marshall Pontiac Buick Oldsmobile,* 103 S.W.3d 650, 653 (Tex.App.-Corpus Christi 2003, no pet. h.). Because Adams received no notice that Reynolds was seeking a no-evidence motion for summary judgment, we presume it sought a traditional summary judgment. *See Michael v. Dyke,* 41 S.W.3d 746, 750 (Tex.App.-Corpus Christi 2001, no pet.) (holding where summary judgment motion does not unambiguously state it is filed under Rule 166a(i) and does not strictly comply with the requirements of that rule, it will be construed as a traditional summary judgment motion).

In a traditional motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Id.* Every reasonable inference must be indulged in favor of the nonmovant, and any doubts must be resolved in favor of the nonmovant. *Id.*

■ Reynolds motion for summary judgment is supported by selected portions of Adams's deposition testimony wherein he said: (1) he routinely lifted 20 to 30 bags of cement each day, (2) Reynolds provided two forklifts and a hand truck for lifting heavy items, (3) he never asked for additional equipment to assist him in his lifting, (4) he never told anyone the bags were too heavy for him to lift, (5) he never asked for any assistance in moving bags of cement, and (6) although Reynolds did not provide safety training, he was aware of the proper way to lift heavy objects.

In his response to Reynolds's motion for summary judgment, Adams included all of his deposition testimony. During his deposition, Adams explained that Reynolds's flooring materials were stored on racks in a warehouse where they could be loaded and unloaded with a forklift. However, the warehouse was too small to house all the materials and many supplies were placed in the aisles between the racks. Every morning, Adams and his supervisor would fill customer orders from the supplies on hand in the warehouse. To facilitate access to the materials, Adams's supervisor would move all the supplies in the aisles to open areas outside the warehouse before customers began to arrive. For whatever reason, the day Adams was injured, the flooring supplies stored in the warehouse aisles had not been moved outside. This slowed the process of filling orders and customers were growing impatient. One customer needed a bag of cement. Because Reynolds's inventory of cement was low, only two bags remained in the warehouse. These two bags were on the floor beneath a rack. However, the aisle was filled with other merchandise, making it impossible to access them with a forklift or hand truck. Hurried by the press of business, Adams slid behind the merchandise stored in the aisle and crouched or "duck-walked" beneath the overhanging rack. Because the circumstances forced him into an awkward position, he was unable to assume the proper posture before lifting the cement. It was at this moment that Adams allegedly injured his back.

Adams also testified that he received no safety training from Reynolds, was not provided with a lifting belt, and his supervisor was busy helping other customers at the time of his injury.

■ The foreseeability of a back injury in connection with regular lifting of heavy objects is judged by a reasonable person standard. *Leitch v. Hornsby,* 935 S.W.2d

114, 119 (Tex.1996). Where a "strong, robust young man" was injured while lifting 100–pound sacks of potatoes, the Texas Supreme Court held the employer was not negligent as a matter of law because the employee "was merely required to perform work that he had been doing for this same employer for several months." *Great Atlantic & Pacific Tea Co. v. Evans*, 142 Tex. 1, 175 S.W.2d 249, 251 (1943). In other words, the plaintiff could not complain where his employer "merely required him to do the usual and customary work required of persons in his line of employment, or, stated in another way, required by the character of the business in which he was employed." *Id.* Accordingly, the court held the injury was not foreseeable. *Id.*

More recently, the Texas Supreme Court has reaffirmed that when "there is no evidence that the lifting involved is unusual or poses a threat of injury," the plaintiff fails, as a matter of law, to establish a prima facie case of negligence. *See Werner*, 909 S.W.2d at 869. However, the court cited with approval a decision of the Texarkana court of appeals distinguishing this general proposition of law. *See id.* In *Cabrera v. Delta Brands, Inc.*, the court of appeals held a fact issue was raised regarding the employer's negligence when the employee herniated a spinal disk attempting to lift a 100–pound steel plate while awkwardly positioned under a heavy steel "run-out" table. 538 S.W.2d 795, 798–99 (Tex.Civ.App.-Texarkana 1976, writ ref'd n.r.e.).

■ Reynolds asserts that even if Adams was injured while attempting to lift a bag of cement in an awkward position, no negligence exists if he could have asked for assistance and failed to do so. An employer has "an obligation to provide adequate help under the circumstances for the performance of required work." *Werner*, 909

S.W.2d at 869. The employer is not liable, however, when help has been provided and an injury results from the actions of the employee who voluntarily proceeds to do the work without assistance. *Western Union Tel. Co. v. Coker*, 146 Tex. 190, 204 S.W.2d 977, 979 (1947).

Adams testified that only he and his supervisor filled customer orders. When deposed by Reynolds's counsel, Adams described the situation as follows:

Q. So for these pallets in this awkward location, you would usually use the forklift to get them out?

A. Yes. If there wasn't nothing there for us to obstruct the driveway, right.

Q. And how many bags long is the pallet?

A. Probably two bags left back there.

Q. And why couldn't you use the forklift at that time?

A. Well, because Jose [the supervisor] was already using it, running orders out and stuff, you know. Like I say, he usually will take everything out of there, put it outside, so there's nothing in the aisleways to keep us from getting orders out in a hurry.

But that morning there was so many people there pulling orders, and they were rushing us to come on and get them, so we got to go down between that pallet like that, and then I had to crawl under there or squat under there and get that bag out from under there, because the driver needed another bag. (Indicating.)

Q. What was obstructing you behind you?

A. The pallets on the floor with all the stuff on it, yes sir.

Q. So there was still pallets that Jose had not cleared out yet?

A. Right, right. He hadn't had time to put any of it out there for us.

Q. And they were full pallets?

A. Yeah. It was just miscellaneous tile stacked maybe this high . . . .

* * *

Q. . . . Did Jose make any request of you?

A. Other than to go get that cement and told me to get this order out. That's all.

Q. Did he say, "Why don't you wait until I get the forklift" or "Let me help you" or "Drag it out here first" or—

A. No, sir. There was too much going on that morning.

* * *

Q. Okay. Your petition also says that you were not adequately supervised. What other supervision could have stopped you from sustaining that injury that you can think of?

A. Actually, sir, it just—I don't know. Maybe if the warehouse wasn't so small and so cluttered up. Just too much was there. Stuff had been there from way back. There was just too much junk in the aisleways all the time.

Q. I think that would be more of an environment, but how about supervision?

A. Okay. Well, I don't know, sir. Like I say, there was just two of us trying to pull orders. So, you know, how much supervision can one man give, one over here and over here. And we got 30 contractors in line waiting to get out to these job sites. And Randy and Gary and everybody else are on us about getting the orders out in a hurry, so, you know.

We find from the summary judgment record that there are fact issues regarding (1) whether Adams was injured while engaged in "usual" lifting and (2) whether adequate help was available to Adams at the time of his injury. Accordingly, his first and second issues are sustained.

## Breach of Contract and Insurance Code Claims

In his third and fourth issues, Adams contends the trial court erred in granting summary judgment on his breach of contract and Insurance Code claims. Reynolds moved for summary judgment on Adams's contract and Insurance Code claims citing *Werner* and arguing solely that it is "not an insurer of its employee's safety at work." We are at a loss to understand how this argument relates or responds to Adams's breach of contract and Insurance Code claims. The trial court, however, granted summary judgment without specifying the grounds for its decision, and we must, therefore, address all of the possible grounds upon which the trial court might have based its ruling.

In his response to Reynolds's motion for summary judgment, Adams attached one page from Reynolds's employee handbook that states, in part:

Eligible employees at RTF are provided a wide range of benefits. A number of the programs (such as Social Security, *workers' compensation*, state unemployment insurance) cover all employees in the manner prescribed by law.

Benefits eligibility is dependent upon a variety of factors, including employee classification. Your supervisor can identify the programs for which you are eligible. Details of many of these programs can be found elsewhere in the employee handbook.

(emphasis added). Adams also attached the following affidavit at the conclusion of his response:

BEFORE ME, the undersigned authority, on this date personally appeared Ste-

phen Adams who being by me the [sic] first duly sworn upon oath deposes and says:

I have read the response to summary judgment and the statements therein are all true. Furthermore, I have been told by my treating physicians that the injury I suffered to my back while working at Reynolds Tile and Flooring, Inc. could require additional medical treatment in the future, including the possibility of a surgery. I have no means to pay for treatments, and I feel that I was lied to by Reynolds Tile and Flooring, Inc. concerning what employee benefits they had in place, specifically, as to their failure to have a Texas Workmen's Compensation insurance policy.

/s/ Stephen Adams

SWORN TO AND SUBSCRIBED BEFORE ME by Stephen Adams, on this November 4, 2002 to certify which witness my hand and seal of office.

■ It is undisputed that Reynolds was not a subscriber to workers' compensation. Accordingly, Adams asserts that Reynolds has contractually assumed the responsibility of providing all the benefits to which Adams would have been entitled if Reynolds had been a subscriber to workers' compensation. In the alternative, Adams argues that he is entitled to damages under the Texas Insurance Code for an unconscionable misrepresentation. *See* TEX. INS.CODE ANN. art. 21.21 (Vernon 1981 & Supp.2003).

■ Reynolds responds on appeal by attaching a complete copy of its employee handbook as an exhibit to its appellate brief. Reynolds cites us to provisions of the handbook containing disclaimers asserting that the handbook is subject to change and that it is not a contract of employment. However, the attachment of documents as exhibits or appendices to briefs does not constitute formal inclusion in the record on appeal and, therefore, the portions of the employee handbook that are not a part of our record cannot be considered. *See Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Moreover, this argument was not presented to the trial court, and, therefore, we may not consider it on appeal. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 676 (Tex.1979) (holding that issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal). In its motion for summary judgment, Reynolds argued it was entitled to summary judgment on the breach of contract and Insurance Code claims because (1) "an employer is not an insurer of its employee's safety and there can be no breach of contract recovery against a nonsubscribing defendant," and (2) it "had no obligation under the law which would bring it under the provisions of Article 21.21." In its reply to Adams's response to Reynolds's motion for summary judgment, Reynolds also argued that (1) Adams's affidavit was defective for failing to aver to the truth of the purported facts stated therein, and (2) it was contradicted by his deposition testimony.

■ An affidavit that does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally invalid. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex.1994). Here, Adams avers that the statements in his response to Reynolds's motion for summary judgment are true (but not necessarily within his personal knowledge). Moreover, Adams's "feeling" that he had been lied to is in the nature of a legal conclusion and unsupported by the necessary factual specificity to permit perjury to be assigned upon it. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). However,

without deciding the validity of Adams's affidavit in support of his response to Reynolds's motion for summary judgment, we observe that in a traditional motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Grinnell,* 951 S.W.2d at 425. Here, Reynolds has failed to negate any element of Adams's breach of contract and Insurance Code claims. Likewise, Reynolds also failed to show by undisputed evidence that it has an affirmative defense to any of these claims. While we note that Adams gave deposition testimony to the effect that worker's compensation coverage was not discussed in his employment interview, this fact does not mean a contract of employment was not thereafter formed in which worker's compensation coverage was part of the consideration promised by Reynolds.[1]

Under this record, we find the trial court erred in granting summary judgment on Adams's contract and Insurance Code claims. Were we deciding a no-evidence motion for summary judgment under Rule 166a(i), we might well reach a different result. The function of summary judgment is not to deprive litigants of the right to trial by jury, but to eliminate patently unmeritorious claims and defenses. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952). Here, there is not sufficient evidence in the summary judgment record for us to conclude, one way or the other, whether Adams's claims are meritorious. Under these circumstances, we must find the movant failed to satisfy his burden. Adams's third and fourth issues are sustained.

Accordingly, the judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

---

1. Adams gave the following deposition testimony:

    Q. When you were hired on, in your conversation with Jose or Randy, did anyone ever tell you if Reynolds Tile carried Workers' Compensation or not?

    A. No, sir, they didn't tell me.
    Q. Did you ever ask?
    A. No, I didn't ask.