Affirmed and Memorandum Opinion filed May 26, 2005









Affirmed and Memorandum Opinion filed May 26, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00712-CV

____________

 

FLETCHER
AVIATION, INC., Appellant

 

V.

 

TED BOOHER,
Individually and d/b/a RAPID ENVIRONMENTAL SERVICES, Appellee

 



 

On Appeal from the 61st District
Court

Harris County,
Texas

Trial Court Cause No.
02-60546

 



 

M E M O R A N D U M  O P I N I O N

This is an appeal from a judgment entered after a bench trial
in a breach of contract action. 
Appellant raises one issue, complaining of the trial court=s refusal to allow its expert to
testify, or alternatively, to grant a continuance so that appellee could depose
appellant=s expert.  We affirm.








Appellee sued appellant for unpaid charges he had billed
appellant for an emergency environmental response fuel spill clean-up and
disposal of contaminated material. 
Although appellant=s representative did not appear at trial, its counsel
attended.  On the day of trial, the trial
court heard and denied appellant=s motion for late designation of its
expert witness.  At the conclusion of the
trial, the court entered judgment for appellee in the amount of $18,000.  The trial court filed findings of fact and
conclusions of law.  The appeal is before
the court without a reporter=s record from the trial.[1]  

Appellant asserts that in the absence of any request for
disclosure pursuant to Texas Rule of Civil Procedure 194.2 or a deadline for
designation of experts in the trial court=s docket control order, its
designation of its expert the day before trial was timely.[2]
Accordingly, appellant claims the trial court abused its discretion in barring
the expert=s testimony.  The trial court made a finding of fact that
it denied appellant=s motion, but stated no grounds or legal conclusions for its
denial.  








The admission or exclusion of evidence is a matter within the
trial court=s discretion.  Interstate Northborough P=ship v. State, 66 S.W.3d 213, 220 (Tex. 2001).  To 
reverse a judgment based on error in the admission or exclusion of
evidence, we must conclude that the error probably caused the rendition of an
improper judgment.  Nissan Motor Co.
v. Armstrong, 145 S.W.3d 131, 144 (Tex. 2004).  To make this determination, we review the
entire record and require the complaining party to demonstrate that the
judgment turns on the particular evidence admitted or excluded.  Id. 
Thus, we will not reverse a judgment for an erroneous ruling if the
evidence in question is cumulative.  Interstate,
66 S.W.3d at 220; see also GTE Southwest, Inc. v. Bruce, 998 S.W.2d 605,
620 (Tex.1999) (holding erroneous admission of expert testimony harmless, as it
was cumulative of other proper testimony regarding harassment).

According to the trial court=s findings of fact, the hearing on
appellant=s motion consisted only of the
argument of counsel.  Ordinarily, when
the trial court hears no evidence, but expressly bases its decision on papers
filed and the argument of counsel, an appellant is not required to obtain a
transcription of the hearing.  See
Otis Elevator Co. v. Parmelee, 850 S.W.2d 179, 181 (Tex. 1993).  However, before we may reach the question of
whether evidence was erroneously excluded, the complaint first must have been
properly preserved for review.  See
McInnes v. Yamaha Motor Corp., U.S.A., 673 S.W.2d 185, 187 (Tex.
1984).  To challenge a ruling excluding
evidence, appellant must make an offer of proof setting forth the substance of
the excluded evidence.  In re N.R.C.,
94 S.W.3d 799, 806 (Tex. App.CHouston [14th
Dist.] 2002, pet.
denied).  

Thus, on the record before this court, appellant has failed
to establish it preserved its complaint. 
Moreover, even if the complaint had been properly preserved, and if we
concluded the exclusion was erroneous, we would be unable to perform a harm
analysis in the absence of a complete record. 

We hold that in the absence of a reporter=s record, appellant cannot establish
that the trial court abused its discretion in excluding its expert=s testimony.  Accordingly, we overrule appellant=s issue.

In conclusion, we affirm the trial court=s judgment.

 

PER CURIAM

 

Memorandum Opinion filed May 26,
2005.

Panel consists of Chief Justice
Hedges and Justices Fowler and Frost. 











[1]  The court
reporter who reported the trial informed this court that appellant did not
request, or make arrangements to pay for, preparation of the reporter=s record. 
Accordingly, this court notified appellant that unless it made
arrangements to pay for the record within fifteen days of the date of the
notice, the court would consider and decide those issues that do not require a
reporter=s record.  See
Tex. R. App. P. 37.3(c).  Appellant did not respond to the court=s notice. 
Appellant then filed its brief without a reporter=s record.





[2]  The motion for
late designation of expert and the docket control order are not part of the
appellate record.  Appellant has attached
to its brief a copy of a letter addressed to the Harris County District Clerk
requesting supplementation of the record, and attaching copies of the omitted
documents.  See Adams v. Reynolds Tile
& Flooring, Inc., 120 S.W.3d 417, 423 (Tex. App.CHouston [14th Dist.] 2003, no pet.) (refusing to
consider attachment of document as exhibit or appendix to brief because it did
not constitute formal inclusion in record on appeal).  The District Clerk=s office informed this court it never received a
request for supplementation.  Appellant
also did not request this court to order supplementation of the clerk=s record.