

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00392-CV

**AUBREY BURKETT,**

                                                        **Appellant**

 v.

**ULRICH BARN BUILDERS, LLC,**

                                                        **Appellee**

---

**From the County Court at Law No. 1
Johnson County, Texas
Trial Court No. 2011-00237**

---

## MEMORANDUM OPINION

---

Appellant, Aubrey Burkett, challenges a summary judgment granted in favor of appellee, Ulrich Barn Builders, LLC ("Ulrich"). The dispute centers on a purported employment contract between Burkett and Ulrich. In two issues, Burkett asserts that the trial court: (1) erred in granting summary judgment in favor of Ulrich based on the conclusion that the purported employment contract was not an enforceable contract; and (2) abused its discretion in failing to sustain his objections to Ulrich's summary-judgment motion. We affirm.

## I.    BACKGROUND

On or about September 17, 2007, Burkett entered into an agreement with Ulrich regarding employment.   The agreement, which takes the form of a memorandum though it is entitled "Employment Contract," provided the following, in its entirety:

> This contract between Ulrich Barn Builders, LLC (hereafter referred to as UBB) and Aubrey Burkett (hereafter referred to as employee).
>
> Pay Specifications:
>
> Medical allowance $80 per weekly pay period
>
> First three months of employment:
> Base Salary $750
>
> 3-6 months of employment:
> Base Salary $850
>
> 6-12 months of employment:
> Base Salary $850
> Commission 1% of total sales managed
>
> After 1 year of employment:
> Base Salary $700
> Commission 1% of total sales managed
>
> 2 Weeks paid vacation after 1 year.   Holidays are considered vacation time.
> 3 Weeks paid vacation after 5 years.   Holidays are considered vacation time.
> 4 Weeks paid vacation after 10 years.   Holidays are considered vacation time.
>
> General Employee Guidelines:  Please refer to Employee Handbook.

Nowhere in the document is a term of employment stated, nor did the memorandum expressly state that Burkett was a contract employee for Ulrich.   In any event, both Burkett and David Ulrich, the president of Ulrich, signed the document.

On April 14, 2011, Burkett filed suit against Ulrich, asserting a claim for breach of contract and seeking damages for back pay, future pay, and unreimbursed expenses.[1] In his original petition, Burkett contended that he began working for Ulrich in September 2007; however, in June 2009, his salary was reduced to a base of $500 per week and his health insurance allotment was cancelled. According to Burkett, Ulrich represented that this was a temporary adjustment in Burkett's salary, which would be corrected in a "short period of time." Eighteen weeks later, Burkett's salary was further reduced to $300 per week. Burkett complained about the salary reduction and was allegedly told that he could work three days a week for $10 per hour until business picked back up. Shortly thereafter, Burkett's employment was terminated.

On June 20, 2011, Ulrich filed a summary-judgment motion, in which it asserted that it was entitled to judgment as a matter of law because Burkett was an "at will" employee and the memorandum did nothing to alter that status. However, Ulrich did not specifically note that it was seeking a summary judgment on traditional grounds, and it did not attach any evidence to its motion.

Burkett subsequently filed a response and objections to Ulrich's motion, arguing that Ulrich failed to specify whether the motion was a traditional or no-evidence motion for summary judgment and that Ulrich failed to specifically state the elements as to which there is no evidence. Burkett also complained that Ulrich did not attach any

---

[1] Burkett's damage claims are premised on the assumption that the memorandum was an employment contract and that Ulrich was required to strictly comply with the memorandum regarding salary and expenses.

evidence to its motion. In his response, Burkett contended that there are fact issues precluding summary judgment regarding his claim for breach of the memorandum.

Without a hearing, the trial court overruled Burkett's objections and granted Ulrich's summary-judgment motion. In its final judgment, the trial court specifically determined "that the Exhibit attached to Plaintiff's Original Petition does not constitute a contract." As such, the trial court ordered that Burkett take nothing from Ulrich. Burkett later filed a "Motion for New Hearing" and a motion for new trial, both of which were denied. This appeal followed.

## II. BURKETT'S OBJECTIONS TO ULRICH'S SUMMARY-JUDGMENT MOTION

In his second issue, Burkett argues that the trial court abused its discretion in overruling his objections to Ulrich's summary-judgment motion. Specifically, Burkett contends that Ulrich's summary-judgment motion fails because Ulrich did not: attach the agreement as evidence; specifically state whether it was a traditional or no-evidence motion; support the motion with affidavits; and list the elements of its claim for summary judgment. For the reasons listed below, we disagree.

### A. Standard of Review

We review a trial court's ruling on an objection to summary-judgment evidence for an abuse of discretion. *Paciwest, Inc. v. Warner Alan Props., LLC*, 266 S.W.3d 559, 567 (Tex. App.—Fort Worth 2008, pet. denied); *Doncaster v. Hernaiz*, 161 S.W.3d 594, 601 (Tex. App.—San Antonio 2005, no pet.) (citing *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)). A trial court abuses its discretion if it acts arbitrarily and unreasonably, that is, without reference to any guiding rules or principles. *Cire v.*

*Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).  Merely because a trial court may decide a discretionary matter differently than the appellate court does not demonstrate an abuse of discretion. *Cire*, 134 S.W.3d at 838-39.

**B.  Discussion**

With regard to Burkett's contention that Ulrich's summary-judgment motion failed to attach affidavits, we note that Texas Rule of Civil Procedure 166a(b) specifically provides the following, in pertinent part:  "A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."  TEX. R. CIV. P. 166a(b).  Therefore, it was not incumbent upon Ulrich to attach affidavits to its summary-judgment motion. *See id.*

In addition, Burkett's complaint about Ulrich's failure to attach the agreement to its summary-judgment motion also fails because the trial court determines a motion for summary judgment based on the pleadings on file at the time of the hearing, or filed thereafter and before judgment with permission of the court. *See Spin Doctor Golf, Inc. v. Paymentech, L.P.*, 296 S.W.3d 354, 361 (Tex. App.—Dallas 2009, pet. denied) (citing Tex. R. Civ. P. 166a(c)); *see also Elmakiss v. Hughes*, No. 12-09-00269-CV, 2010 Tex. App. LEXIS 6185, at **4-5 (Tex. App.—Tyler July 30, 2010, pet. denied) (mem. op.).  Here, the memorandum was already on file with the trial court because Burkett had attached it to his original petition. *See* TEX. R. CIV. P. 59, 74.  As such, Ulrich was not obligated to attach another copy of the memorandum to its summary-judgment motion for

consideration by the trial court.  *See* TEX. R. CIV. P. 59, 74, 166a(c); *Spin Doctor Golf, Inc.,* 296 S.W.3d at 361; *see also Elmakiss*, 2010 Tex. App. LEXIS 6185, at **4-5.

Further, Burkett's objection that Ulrich failed to specify whether the motion was a traditional or no-evidence motion for summary judgment also fails.  Though Ulrich did not explicitly state whether the motion was a traditional or no-evidence motion for summary judgment, we note that the two summary-judgment standards are distinct; therefore, we must determine which type of summary judgment is at issue.  *Compare* TEX. R. CIV. P. 166a(c), *with* TEX. R. CIV. P. 166a(i).  In *Grimes v. Reynolds*, the Fourteenth Court of Appeals held that "[s]ince a motion that does not clearly and unambiguously state it is being filed under Rule 166a(i) does not give the non-movant notice that the movant is seeking a no-evidence summary judgment, we will construe it as a traditional motion under Rule 166a(c)."  252 S.W.3d 554, 558 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see Adams v. Reynolds Tile & Flooring, Inc.,* 120 S.W.3d 417, 420 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Michael v. Dyke*, 41 S.W.3d 746, 750 (Tex. App.—Corpus Christi 2001, no pet.) (holding that when a motion for summary judgment fails to unambiguously state it is filed under Rule 166a(i) and does not strictly comply with the requirements of that rule, it will be construed as a traditional motion for summary judgment).  This presumption corresponds with how the parties and the trial court treated the motion.  We therefore conclude that Ulrich's summary-judgment motion was brought on traditional grounds.

Finally, we disagree with Burkett's argument that Ulrich failed to explain its entitlement to summary judgment.  *See* TEX. R. CIV. P. 166a(c) ("The motion for

summary judgment shall state the specific grounds therefor."). In the motion, Ulrich specifically stated that the memorandum was not an enforceable employment contract because it lacked termination language and did not alter Burkett's "at will" employee status. According to Ulrich, because the memorandum was unenforceable as an employment contract, Ulrich was entitled to judgment as a matter of law with respect to Burkett's breach of contract claim. Based on our reading of the summary-judgment motion, we cannot say that Ulrich failed to "state the specific grounds therefor." *See id.*; *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 340 (Tex. 1993) ("Grounds may be stated concisely, without detail and argument. But they must at least be listed in the motion."); *Travis v. City of Mesquite*, 830 S.W.2d 94, 100 (Tex. 1992) (holding that an appellate court will not affirm a summary judgment on a ground not specifically presented in a motion for summary judgment).

Because we do not find any of Burkett's objections to be meritorious, we cannot conclude that the trial court abused its discretion in overruling the objections. *See Malone*, 972 S.W.2d at 43; *Paciwest, Inc.*, 266 S.W.3d at 567; *Doncaster*, 161 S.W.3d at 601. Burkett's second issue is overruled.

### III.   THE MEMORANDUM

In his first issue, Burkett argues that the trial court erred in granting summary judgment in Ulrich's favor because the memorandum was an enforceable employment contract that required Ulrich to pay him salary plus bonuses, which Ulrich allegedly failed to do. Ulrich counters that the trial court properly concluded that the

memorandum was not an enforceable contract because it did not alter the presumption that Burkett was an "at will" employee.

## A. Standard of Review

We review the grant or denial of a traditional summary judgment de novo. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). A movant is entitled to summary judgment if he demonstrates that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *see also Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The movant bears the burden of proof in a traditional motion for summary judgment, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215. We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

We will affirm a traditional summary judgment only if the record establishes that the movant has conclusively proved its defense as a matter of law or if the movant has negated at least one essential element of the plaintiff's cause of action. *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). Only when the movant has produced sufficient evidence to establish its rights to summary judgment does the burden shift to the non-movant to come forward with competent

controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

## B. Breach of Contract

In his original petition, Burkett asserted a breach of contract cause of action. A breach of contract occurs when a party fails to perform an act that it has explicitly or impliedly promised to perform. *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 299 (Tex. App.—Dallas 2009, no pet.). The elements of a breach-of-contract claim are: (1) the existence of a valid contract between the plaintiff and defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damage as a result of that breach. *Id.* Ulrich's summary-judgment motion attacked the first element, asserting that the memorandum upon which Burkett relied was not an enforceable contract. *See id.* Thus, in analyzing this issue, we must examine the language of the memorandum to determine whether it is enforceable.

## C. Contract Interpretation and Employment Contracts

The construction and meaning of an unambiguous contract is a question of law. *Ganske v. Spence*, 129 S.W.3d 701, 707 (Tex. App.—Waco 2004, no pet.). In construing the written agreement, the primary concern of the court is to ascertain the true intentions of the parties as expressed within the four corners of the instrument. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983); *see Calpine Producer Servs., L.P. v. Wiser Oil Co.*, 169 S.W.3d 783, 787 (Tex. App.—Dallas 2005, no pet.). We consider the entire writing and attempt to harmonize and give effect to all the provisions of the contract by analyzing the

provisions with reference to the whole agreement. *Frost Nat'l Bank v. L&F Distribs., Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005) (per curiam).

**D. Discussion**

In his original petition, Burkett contended that the memorandum constituted an employment contract, thus obligating Ulrich to pay him the salary amounts listed.

Texas follows the rule of at-will employment, under which employment for an indefinite term may be terminated at will and without cause. *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex. 1991). A Texas employer may fire an employee at will for good cause, bad cause, or no cause at all. *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). Under Texas law, we presume that Burkett remained an at-will employee throughout his employment with Ulrich. *See Fed. Express Corp. v. Dutchmann*, 846 S.W.2d 282, 283 (Tex. 1993). Burkett must prove that Ulrich expressly, clearly, and specifically agreed to modify his at-will status. *See Brown*, 965 S.W.2d at 503. To modify the at-will employment relationship, an employer must unequivocally manifest a definite intent to be bound not to terminate an employee except under clearly specified circumstances. *Midland Judicial Dist. Cmty. Supervision & Corr. Dep't v. Jones*, 92 S.W.3d 486, 487 (Tex. 2002) (per curiam).

In *Jones*, for example, the plaintiff was given a memorandum stating the compensation she would receive, raises anticipated over the next year, and that the salary figures were "contingent upon [her] future performance evaluations and available county funding." 92 S.W.3d at 487. The memorandum did not state that the employment could be terminated only for specific reasons. *Id.* The supreme court held

that the memorandum did not reflect an "intent to be bound not to terminate her employment except under clearly specified circumstances." *Id.* Thus, summary judgment was proper in favor of the employer. *Id.*

The memorandum in this case did not state with any specificity the terms of the employment. *See Durckel v. St. Joseph Hosp.*, 78 S.W.3d 576, 581 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("General statements about working conditions, disciplinary procedures or termination rights are not sufficient to change the at-will employment relationship; rather, the employer must expressly, clearly, and specifically agree to modify the employee's at-will status."); *see also C.S.C.S., Inc. v. Carter*, 129 S.W.3d 584, 591 (Tex. App.—Dallas 2003, no pet.) (holding that an employment contract for a term may still be at will if the agreement allows termination for any reason); *Curtis v. Ziff Energy Group, Ltd.*, 12 S.W.3d 114, 118 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (same). Nowhere in the memorandum did Ulrich express an unequivocal intent to be bound "not to terminate [Burkett's] employment except under clearly specified circumstances." *See Jones*, 92 S.W.3d at 487. The memorandum simply provided a summary of Burkett's medical allowance, vacation time, and salary. *See Ed Rachal Found. v. D'Unger*, 207 S.W.3d 330, 332 (Tex. 2006) (per curiam) ("Standing alone, an agreement to pay at a stated rate is not enough [to alter the at-will employment relationship]; if it were, there would be very few at-will employees.").

Based on our reading of the memorandum, there is no language altering the at-will employment relationship between Burkett and Ulrich. *See Jones*, 92 S.W.3d at 487; *see also Brown*, 965 S.W.2d at 503. And because the memorandum did not alter the at-

will employment relationship between the parties, we cannot say that it was an enforceable contract upon which Burkett could rely for his breach-of-contract claim. *See Jones*, 92 S.W.3d at 488; *see also Fuller v. Haynes*, Nos. 13-07-00763-CV, 13-07-00764-CV, 2009 Tex. App. LEXIS 7838, at *11 (Tex. App.—Corpus Christi Oct. 8, 2009, no pet.) (mem. op.). Accordingly, we conclude that Ulrich established its right to summary judgment on Burkett's breach-of-contract claim, and Burkett did not raise an issue of material fact. *See* Tex. R. Civ. P. 166a(c); *see also Sw. Elec. Power Co.*, 73 S.W.3d at 215. As such, we cannot say that the trial court erred in granting summary judgment in favor of Ulrich. *See Mason*, 143 S.W.3d at 798; *see also Jackson*, 157 S.W.3d at 816 n.7; *Knott*, 128 S.W.3d at 215-16. Burkett's first issue is overruled.

## IV. CONCLUSION

Having overruled both of Burkett's issues on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirmed
Opinion delivered and filed March 21, 2012
[CV06]