**Order filed June 21, 2012**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-12-00085-CV

————————

**DERRICK PARKER, Appellant**

**V.**

**BRITTANI A. DENNIS, Appellee**

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 55526**

## ORDER

Appellant is not represented by counsel in this appeal. The record was due May 17, 2012. The clerk's record was filed May 18, 2012. No reporter's record has been filed. Renee E. Rape, the official court reporter for the 300th District Court, informed this court that appellant had not made arrangements for payment for the reporter's record. On June 4, 2012, the clerk of this court notified appellant that we would consider and decide those issues that do not require a reporter's record unless appellant, within 15 days of notice, provided this court with proof of payment for the record. *See* Tex. R. App. P. 37.3(c).

On June 16, 2012, appellant filed a response to this court's notice stating that he had "satisfied the initial payment arrangement with Ms. Rape." Included with the response is a copy of an invoice showing that appellant paid a $100.00 deposit, but the balance of $172.00 is due "upon receipt." Accordingly, we issue the following order.

Appellant, Derrick Parker, is **ORDERED** to pay the balance owed for preparation of the reporter's record and provide this court with proof of payment on or before **July 20, 2012.** The reporter's record shall be filed with the clerk of this court within **30 days** of the date of payment. If appellant fails to comply with this order, the court will consider and decide those issues that do not require a reporter's record. *See* Tex. R. App. P. 37.3(c).

Appellant's brief will be due **30 days** after the reporter's record is filed. *See* Tex. R. App. P. 38.6(a). If no reporter's record is filed due to appellant's non-payment, appellant's brief will be due **August 20, 2012**.

The court notes that appellant submitted numerous documents with his response to the notice concerning payment for the reporter's record. We must consider an appeal based solely on upon the issues raised in the briefs and the record filed. *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n. 23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). The court cannot consider attachments to briefs that are not a part of the appellate record. *See Adams v. Reynolds Tile & Flooring, Inc.*, 120 S.W.3d 417, 423 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

PER CURIAM