

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00155-CV

**BEXAR COUNTY HOSPITAL** d/b/a University Health System,
Appellant

v.

Paul Douglas **HARLAN**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-11941
Honorable Larry Noll, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  August 5, 2015

AFFIRMED

In this accelerated appeal, Bexar County Hospital d/b/a University Health System appeals the trial court's order denying its motion to dismiss filed pursuant to section 74.351(b) of the Texas Civil Practice and Remedies Code. The Hospital contends the trial court erred in denying its motion because the appellee, Paul Douglas Harlan, failed to timely serve the Hospital with an expert report. We affirm the trial court's order.

## BACKGROUND

On July 30, 2014, Harlan sued the Hospital and three physicians asserting claims arising from Harlan's medical treatment following a car accident. On August 21, 2014, the Hospital filed a plea in abatement, special exceptions, and original answer. In the plea in abatement, the Hospital asserted Harlan failed to provide a complete medical authorization form as required by section 74.052 of the Code. On September 23, 2014, the trial court signed an order granting the plea in abatement and abating the underlying cause until sixty days following the Hospital's receipt of a properly completed authorization form. The abatement order expressly stated, "This abatement order shall not affect any provisions or deadlines imposed by Chapter 74."

On December 29, 2014, the Hospital filed a motion to dismiss, asserting Harlan's deadline for serving it with an expert report expired on December 19, 2014. On February 22, 2015, Harlan filed a response to the Hospital's motion.

One of the exhibits attached to Harlan's response is his Louisiana attorney's[1] affidavit stating the following. On May 19, 2014, Harlan sent the initial notice of his claims and an authorization form to the Hospital and the three defendant physicians. On June 4, 2014, Mr. Timothy Boughal, an attorney with the office of general counsel of the University of Texas System, sent Harlan a letter stating his letter had been "referred to this office for evaluation and management." On July 17, 2014, Harlan's Louisiana attorney mailed a copy of Harlan's expert report to Mr. Boughal. After the Hospital filed its answer on August 21, 2014, Harlan's Louisiana attorney mailed a copy of the expert report to the Hospital's attorney via regular mail. Harlan's Louisiana attorney also had a phone conversation with the Hospital's attorney discussing the details of the expert report. After the Hospital filed its motion to dismiss, Harlan's Louisiana

---

[1] Harlan was represented by both a Texas attorney and a Louisiana attorney. The Texas attorney signed the response and appeared at the hearing on the motion to dismiss. The Louisiana attorney was the affiant in the affidavit.

attorney sent a letter to the Hospital's attorney on January 5, 2015, stating the expert report was mailed to her and reminding her they discussed the expert report in a prior phone conversation. That same day, Harlan's Louisiana attorney sent another copy of the expert report to the Hospital's attorney via certified mail. Harlan's Louisiana attorney concluded the affidavit by stating, "I certify that [the] expert report prepared by Dr. Buch as well as his curriculum vitae were deposited by me in the mail, postpaid and properly addressed to be received by [the Hospital's attorney]." The various letters referenced in the affidavit, including the January 5, 2015 letter, were attached as exhibits to the affidavit. The response, including the affidavit and the exhibits attached thereto, are all included in the clerk's record filed in this appeal.

On February 24, 2015, the trial court held a hearing on the Hospital's motion. At the hearing, Harlan's Texas attorney again argued the Hospital was provided the expert report because the Hospital's attorney obtained a copy of the expert report from Mr. Boughal and Harlan's Louisiana attorney mailed a copy of the expert report to the Hospital's attorney after the Hospital's answer was filed. At the conclusion of the hearing, the trial court denied the Hospital's motion to dismiss. The trial court's written order states the trial court considered the pleadings, the evidence presented, and the argument of counsel in denying the motion to dismiss. The Hospital appeals.

## STANDARD OF REVIEW

A trial court's ruling on a motion to dismiss under section 74.351(b) of the Code is reviewed under an abuse of discretion standard. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001). Under an abuse of discretion standard, we defer to the trial court's factual determinations if they are supported by the record, but we review a trial court's legal determinations, including issues of statutory construction, de novo. *See Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013); *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011); *Christus*

*Santa Rosa Health Care Corp. v. Botello*, 424 S.W.3d 117, 120 (Tex. App.—San Antonio 2013, pet. denied).

DISCUSSION

Section 74.351(a) of the Code provides:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2014). If the claimant fails to serve an expert report on a defendant physician or health care provider within the time specified, the trial court, on the motion of the affected physician or health care provider, "shall" enter an order dismissing the claim. *Id*. at § 74.351(b). The law is clear that dismissal is mandatory if the expert report is not timely served. *See Garcia v. Gomez*, 319 S.W.3d 638, 640 (Tex. 2010) ("If no report is timely served, the trial court must, on motion, dismiss the claim.").

In this case, Harlan defended against the dismissal of his claim against the Hospital, asserting: (1) a copy of the expert report was timely provided to Mr. Boughal; and (2) Harlan's Louisiana attorney timely mailed the Hospital's attorney a copy of the expert report after the Hospital filed its answer. Harlan asserts these same grounds in his appellee's brief as bases for affirming the trial court's order.

With regard to the expert report provided to Mr. Boughal, we first note that this expert report was provided before Harlan filed his lawsuit and, therefore, before any physician or health care provider was a party/defendant. As previously noted, section 74.351(a) requires service on a "party or the party's attorney," and the Texas Supreme Court has held the term "party" as used in section 74.351(a) means "one named in a lawsuit." *Zanchi*, 408 S.W.3d at 375. Accordingly, service on a physician or health care provider before a lawsuit has been filed or at any other time

- 4 -

when the physician or health care provider is not a "party" does not satisfy section 74.351(a). *Botello*, 424 S.W.3d at 125; *St Luke's Episcopal Hosp. v. Poland*, 288 S.W.3d 38, 44 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Even if the statute could have been construed to permit the Hospital to be served before a lawsuit was filed asserting a claim against it, we further note that the expert report sent to Mr. Boughal was not sent to the Hospital or the Hospital's attorney because Mr. Boughal was the attorney for the physician defendants. Although Harlan's attorney claimed Mr. Boughal's June 4, 2014 letter misled him into believing Mr. Boughal was the Hospital's attorney, "[s]ection 74.351's requirement that a plaintiff serve an expert report on each party within 120 days is not subject to any good-faith exception." *Botello*, 424 S.W.3d at 126. And, service on the attorney for the physician defendants does not satisfy the required service on the Hospital or its attorney. *Univ. of Tex. Health Science Ctr. at Houston v. Gutierrez*, 237 S.W.3d 869, 873-74 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding service on employee did not satisfy required service on employer); *see also Matthews v. Lenoir*, 439 S.W.3d 489, 496-97 (Tex. App.—Houston [1st Dist.] 2014, pet. filed) (holding service on attorney general was not service on state employee who was not represented by attorney general when expert report was served). Finally, at the hearing on the Hospital's motion, Harlan's attorney also alluded to the Hospital's attorney receiving a copy of the expert report from Mr. Boughal. Even assuming the Hospital's attorney was furnished a copy of the expert report by Mr. Boughal, receiving the expert report in that manner would not satisfy the requirement that the Hospital or its attorney be "served" with the expert report. *Gutierrez*, 237 S.W.3d at 872-73 (holding health care provider's receipt of expert report did not satisfy requirement that expert report be served);[2] *see also Stockton*, 336 S.W.3d at 619 (noting "we are not free to rewrite the statutes to reach a result we might consider more

---

[2] The *Gutierrez* court focused on the statutory amendments that replaced the requirement that the expert report be "furnished" to the parties with the requirement that the expert report be "served" on the parties. 237 S.W.3d at 873.

desirable, in the name of statutory construction") (internal citations omitted); *but see Owens v. Handyside*, No. 01-12-01108-CV, 2015 WL 1965830, at *7 (Tex. App.—Houston [1st Dist.] Apr. 23, 2015, no pet.) (holding trial court erred in granting motion to dismiss where physician and his attorney "did in fact timely obtain a copy of the [expert] report 'through alternative means.'").

Harlan's second argument relies on his Louisiana attorney's affidavit stating he mailed a copy of the expert report to the Hospital's attorney after the Hospital's answer was filed on August 21, 2014. In its opening brief, the Hospital only references this argument in the following two sentences:

> Plaintiff's counsel also argued that his co-counsel sent the expert report to [the Hospital's] counsel, but he presented no evidence of this. There are no copies of transmittal letters, no certificate of service signed by Plaintiff's counsel, and there is no sworn testimony to support this allegation.

In its reply brief, the Hospital argues the Louisiana attorney's affidavit was not admitted into evidence at the hearing and should not be considered by this court. In support of its argument, the Hospital cites cases stating an appellate court cannot consider attachments to a brief that are not included in the appellate record. *See, e.g., Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.); *Adams v. Reynolds Tile & Flooring, Inc.*, 120 S.W.3d 417, 423 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

In this case, however, the affidavit of Harlan's Louisiana attorney and the exhibits attached to the affidavit were all attached to Harlan's response to the Hospital's motion to dismiss and are included in the clerk's record filed in this appeal. Therefore, the cases cited by the Hospital are not applicable. In addition, the trial court's order states that the trial court considered the pleadings, and the affidavit of Harlan's Louisiana attorney and the exhibits thereto were attached to a pleading. Finally, during the hearing, Harlan's Texas attorney[3] stated:

---

[3] As previously noted, only Harlan's Texas attorney appeared at the hearing.

.... We filed the lawsuit on July 30th, and it wasn't until August 21st that we heard from [the Hospital's attorney] that she was representing [the Hospital] at that time.

Now, at that time, [Harlan's Louisiana attorney] sent to [the Hospital's attorney] the notice and authorization. He also sent [the Hospital's attorney] the expert report. He sent the expert report via standard post. ....

In addition, [Harlan's Louisiana attorney] has had numerous conversations with [the Hospital's attorney] talking about the expert report, talking about the notice and authorization, and it boils down to this. We complied with the guidelines under Chapter 74 by sending them to the attorney who we believed represented the parties at that time.

Secondly, we sent via standard post the expert report to [the Hospital's attorney]. ....

In response to the statements made by Harlan's attorney, the Hospital's attorney stated she never received the expert report or the CV. Harlan's attorney replied, "we did send the expert report to [the Hospital's attorney] via post.... We sent it via post. She said she didn't get it, but we sent it to her." At the conclusion of the hearing, the trial court asked whether the expert's report would be challenged as to whether it met the requirements of section 74.351, and the Hospital's attorney responded, "Well the problem is that because I never got the report I didn't have an opportunity to file objections within the time period to file objections." Harlan's attorney objected, asserting the Hospital's attorney had received a copy of the report.

Normally, an attorney's statements must be made under oath to constitute evidence. *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). This can be waived, however, by failing to object when the opponent of the evidence knows or should know that an objection should be made. *Id*.; *see also Northeast Tex. Staffing v. Ray*, 330 S.W.3d 1, 3-4 & n.3 (Tex. App.—Texarkana 2010, no pet.) (holding attorney's statements regarding mailing of expert report qualified as evidence because no objection was made to attorney not being under oath). In this case, the evidentiary nature of the statements being made by Harlan's attorney was apparent. Harlan's attorney was "clearly attempting to prove" the expert report was timely served by reciting factual information

about the expert report being mailed to the Hospital's attorney. *Banda*, 955 S.W.2d at 272; *Ray*, 330 S.W.3d at 3 n.3.

Under an abuse of discretion standard, we defer to the trial court's factual determinations, and a trial court "does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision." *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *see also Stockton*, 336 S.W.3d at 615. Here, the statements by Harlan's attorney were some evidence that the expert report was mailed to the Hospital's attorney.

This court has cited with approval decisions from other appellate courts holding "that the Legislature intended the term 'serve' [in section 74.351(a)] to have the same meaning that it carries in Rule of Civil Procedure 21a." *Botello*, 424 S.W.3d at 122; *but see Zanchi*, 408 S.W.3d at 380 (noting court "need not decide whether service in a manner other than that authorized by Rule 21a satisfies the [Code's] requirement to 'serve' an expert report"). Rule 21a was amended effective January 1, 2014, to permit service by regular mail. *See* Tex. R. Civ. P. 21a; *see also* Lamont A. Jefferson, *Trends and Traps in Rules of Civil Procedure*, 70 The Advoc. (Texas) 48, 59 (2015) ("For documents not filed electronically, the notable changes to Rule 21a are the . . . elimination of the 'certified or registered' mail requirement for traditional mail."). Therefore, the mailing of the expert report was a proper manner of service prescribed by Rule 21a.

In addition to mailing, receipt is also an element of service. *Strobel v. Marlow*, 341 S.W.3d 470, 476 (Tex. App.—Dallas 2011, no pet.). "A notice properly sent pursuant to rule 21a raises a presumption that notice was received." *Id.* Although the Hospital's attorney denied receiving the expert report, the trial court could have inferred the Hospital's receipt of the expert report from the statements that Harlan's Louisiana attorney had discussed the details of the expert report with the Hospital's attorney, thereby again giving rise to conflicting evidence regarding the Hospital's receipt of the expert report mailed to her. The trial court resolved this conflict in favor of denying

the motion to dismiss, and, as previously noted, a trial court does not abuse its discretion if it bases its decision on conflicting evidence. *Unifund CCR Partners*, 299 S.W.3d at 97; *see also Patel v. Williams*, No. 11-06-00254-CV, 2007 WL 632989, at *1, 3-4 (Tex. App.—Eastland Mar. 1, 2007, no pet.) (holding trial court did not abuse its discretion in denying motion to dismiss based on resolution of conflicting evidence where appellee's attorney stated expert report was timely mailed on January 19, 2006, while appellant's attorney stated expert report was not mailed until January 20, 2006 and that appellee's attorney admitted the untimely mailing in conversations with her) (mem. op.).

Because the record contains some evidence to support the trial court's implied findings that the expert report was timely mailed to and received by the Hospital's attorney, and we must defer to those findings, we hold the trial court did not abuse its discretion in denying the Hospital's motion to dismiss. *See Stockton*, 336 S.W.3d at 615; *Unifund CCR Partners*, 299 S.W.3d at 97.

## CONCLUSION

The trial court's order is affirmed.

Sandee Bryan Marion, Chief Justice